■ SIDNEY GROSSMAN et al., Appellants, v. PHILIP SCHLOSSER et al., Respondents, et al., Defendants.— In an action to enforce a written instrument executed by defendant Schlosser for a valuable consideration, assigning to plaintiffs all his right, title and interest in and to the moneys arising from his net recovery for personal injuries in a then pending negligence action against the two corporate defendants (Klein and Surplus); to impress a lien upon such net recovery in plaintiffs' favor; to enjoin the two corporate defendants from paying the proceeds of the settlement of the negligence action to the individual defendants (the assignor Schlosser and his attorney O'Brien); and to direct the two corporate defendants to pay over to plaintiffs so much of defendant Schlosser's net recovery from the negligence action as will satisfy plaintiffs' said assignment and lien, the plaintiffs appeal from an order of the Supreme Court, Queens County, dated June 19, 1963, which: (a) granted the motion of the individual defendants for summary judgment dismissing the complaint, and (b) denied plaintiffs' cross motion to strike out the said defendants' answers as insufficient in law and for judgment as demanded in the complaint, pursuant to the former practice provisions (Rules Civ. Prac., rules 113, 112, 109, subd. 6). Order reversed on the law, without costs; motion of the individual defendants for summary judgment denied; and cross motion of plaintiffs for judgment in their favor granted and judgment directed to be entered accordingly, without costs. This action essentially is one by the assignees of an injured claimant (defendant Schlosser) to recover, pursuant to a written assignment, the net proceeds of the settlement of his then pending negligence action for his personal injuries. The statute (Personal Property Law, § 41, subd. 1, par. [1]) prohibits the transfer of a claim or demand "to recover damages for a personal injury." The Special Term held that the statute was an absolute defense to the action on the written assignment (see 39 Misc 2d 473). While logically the Special Term's holding would appear to be correct, it runs counter to a holding by the Court of Appeals. That court has recognized as valid the distinction between the assignment of a cause of action for personal injury and the assignment of its proceeds (*Williams* v. *Ingersoll,* 89 N. Y. 508). In *Williams,* decided in 1882, the court acknowledged the existence of the common-law rule, codified by the above statute and its predecessor (Code Civ. Pro., § 1910; L. 1880, ch. 178), that a cause of action for personal injury may not be assigned. Nevertheless, the court held that the assignment of the *proceeds* of such a cause of action, prior to its settlement or adjudication, was valid and effectual as an equitable assignment against

the assignor and his attaching creditor, and that such an assignment was not against public policy. The legal distinction thus made has been consistently followed (*Reddy* v. *Zurich Gen. Acc. & Liab. Ins. Co.*, 171 Misc. 69; *Richard* v. *National Transp. Co.*, 158 Misc. 324; see 3 N. Y. Jur., Assignments, §§ 16, 17, pp. 273–275). We are unable to discern any material distinction between *Williams* and the case under review. We are constrained, therefore, to adhere to the *Williams* holding. We note, however, our reluctance to adhere to the principle of *stare decisis* in order to follow the decision in *Williams* — a decision which established an obvious anomaly, namely: that a person cannot transfer his cause of action but may transfer its potential proceeds, thereby allowing him to do by indirection what the common law and the statute expressly forbid. The distinction made is based on form rather than substance; it is devoid of all reality; in practical effect it fosters one of the very evils which both the common law and the statute sought to avoid, namely: champerty and maintenance in personal injury actions. There are no triable issues of fact; and, in view of our holding that the assignment is valid, as required by the doctrine enunciated in *Williams* (*supra*), plaintiffs' cross motion must be granted. Kleinfeld, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.