In the Matter of GAETANO IGUANTI, Judgment Creditor, *v.* HAROLD KRONISH, Judgment Debtor.

Supreme Court, Special Term, Bronx County, September 2, 1966.

*Levitt, D'Andrea & Goldstein* for judgment creditor. *Flood & Purvin* for Allstate Insurance Company.

CHARLES A. LORETO, J. Plaintiff having obtained a judgment against the defendant, is proceeding by way of supplementary proceedings to satisfy his judgment. The latter has instituted a negligence lawsuit against a third party, defended by the Allstate Insurance Company.

Plaintiff here seeks by way of " restraining notices " to restrain payment of the proceeds which may be paid to this defendant in that suit whether by settlement or by judgment. By this motion, the defendant seeks to vacate the restraining notices. CPLR 5222 provides for the use of restraining notices against property against which money judgments may be enforced. And CPLR 5201 (subds. [a], [b]) permit the enforcement of money judgments " against any property which could be assigned or transferred, whether it consists of a present or future right or interest and whether or not it is vested ".

The General Obligations Law (§ 13-101) forbids the assignment of a claim to recover damages for personal injuries. However, the Appellate Division in *Grossman* v. *Schlosser* (19 A D 2d 893) distinguished between an assignment and " proceeds " of a personal injury case, holding that such proceeds are validly transferable. Therefore the proceeds of a personal injury action fall within the purview of CPLR 5201 and their transfer may be restrained. The motion is denied.