KYOKO CHAFFEE, INDIVIDUALLY AND AS GUARDIAN AD LITEM OF CHRISTINE CHAFFEE, A MINOR, AND KENNETH CHAFFEE, A MINOR, APPELLANT, v. FRANKLIN N. SMITH, DBA COULTHARD AND SMITH, RESPONDENT.

No. 12830

May 27, 1982                                    645 P.2d 966

---

[7]The Chief Justice designated THE HONORABLE DAVID ZENOFF, Senior Justice, to sit in this case in place of THE HONORABLE CAMERON BATJER. Nev. Const., art. 6, § 19; SCR 10.

*Rogers, Monsey, Woodbury & Berggreen* and *Douglas G. Crosby,* Las Vegas; *Ned Good* and *Ian Herzog,* Los Angeles, for Appellant.

*Dickerson, Miles & Pico,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Appellant has appealed from an order granting respondent's motion for summary judgment and related orders.

In an underlying wrongful death action, appellant obtained a judgment against Airline Training Academy (ATA). Respondent originally represented both ATA and its insurer, Airway Underwriters. Alleging lack of cooperation by ATA, respondent withdrew as counsel for ATA. Thereafter, on behalf of Airway Underwriters, he obtained a default judgment against ATA, resulting in forfeiture of insurance coverage. In the instant action, appellant has sued respondent, ATA's former attorney, for malpractice in his dealings with ATA.

Appellant contends, *inter alia,* that the trial court erred in its determination that a lack of privity with the original attorney-client relationship precluded her suing her opposing party's attorney (respondent) for malpractice. Appellant claims that she acquired the cause of action against respondent by levy and execution sale of ATA's property.

Here, however, the transferred interest involves a previously unasserted claim. As a matter of public policy, we cannot permit enforcement of a legal malpractice action which has been

transferred by assignment or by levy and execution sale, but which was never pursued by the original client. *See* Goodley v. Wank & Wank, Inc., 133 Cal.Rptr. 83 (Cal.App. 1976); Christison v. Jones, 405 N.E.2d 8 (Ill.App. 1980). The decision as to whether to bring a malpractice action against an attorney is one peculiarly vested in the client. *See* Christison, *supra* at 11. We reserve opinion on the question as to whether previously asserted legal malpractice actions are transferable. *See* Goodley, *supra;* Collins v. Fitzwater, 560 P.2d 1074 (Ore. 1977).

The public policy issue is dispositive of this appeal. Therefore, we need not consider appellant's remaining contentions.[1]

The summary judgment is affirmed.

---

[1] We express no opinion regarding the propriety of respondent's conduct.