**In re Louis A. MUCELLI a/k/a Louis A. Mucelli P.C., M.D., Debtor.**

**UNITED STATES TRUSTEE Ira S. Green, Esq., and Citibank, N.A.**

**v.**

**Louis A. MUCELLI a/k/a Louis A. Mucelli P.C., M.D.**

**Bankruptcy No. 81 B 10764.**

United States Bankruptcy Court, S. D. New York.

July 13, 1982.

Angel & Frankel, New York City, for debtor.

Ira S. Greene, New York City, interim trustee.

Zalkin, Rodin & Goodman, New York City, for Citibank, N.A.

## MEMORANDUM AND ORDER

JOHN J. GALGAY, Bankruptcy Judge.

Louis A. Mucelli ("Mucelli") filed a voluntary bankruptcy petition before this Court on April 10, 1981. He claims that a personal injury action now pending in New York

State Supreme Court is exempt property under Bankruptcy Code section 522(b)(2)(A).* The United States Trustee ("Trustee") has moved to disallow this exemption. The Trustee maintains that both Mucelli's personal injury claim and the future proceeds of this claim are property of the bankruptcy estate ("Estate").

■ This Court decides that while the personal injury claim is exempt property, the proceeds of that claim are non-exempt property. Rather, under New York State Law, these proceeds constitute an equitable interest in property which was held by Mucelli at the commencement of the case in bankruptcy. Therefore, under Code section 541(a)(1), these proceeds are property of the Estate.

The background facts reveal that Mucelli filed a petition in bankruptcy under Chapter 7 of the Code on April 10, 1981. Approximately one year earlier, on April 22, 1980, Mucelli had commenced a personal injury action in New York State Supreme Court. He claimed $1 million in damages for bodily injuries that allegedly interfered with his livelihood, the practice of medicine. That suit is now pending. On June 2, 1981, Mucelli elected to use the New York State exemptions in bankruptcy proceedings and specifically listed his pending claim for personal injuries under New York State Civil Practice Law and Rules (C.P.L.R.) section 5201(a) and (b) and New York State General Obligations Law (G.O.L.) section 13–101.

Given the vast changes worked in the relevant Code sections 522 and 541 from the former Bankruptcy Act section 70, we find ourselves confronted with a novel question of law.

Code Section 541 states, in part:

(a) The commencement of a case under section 301 ... creates an estate ... comprised of all the following property, wherever located:

(1) All legal or equitable interests of the debtor in property as of the commencement of the case.

---

* Mucelli is a doctor. His state court cause of action arises from serious injuries he suffered when construction scaffolding fell upon him, limiting his capacity to perform his profession.

This provision is "broad", including "all kinds of property, both tangible and intangible, causes of action, and all other forms of property." 4 *Collier on Bankrtupcy* ¶ 541.01 (15th ed. 1981). Thus, until this Court exempts Mucelli's personal injury claim, it is property of the Estate. *See In re Nichols*, 4 B.R. 711 (Bkrtcy.E.D.Mich., S.D.1980). Mucelli has the burden of proof as to all claimed exemptions 11 U.S.C. § 541; Bankr. Rule of Proc. 403(c). He has opted under Code section 522 to use New York State allowable exempt property. Therefore, this Court must construe New York State law to make two determinations. First, what constitutes a "legal or equitable" interest in property and therefore becomes property of the Estate at the commencement of the bankruptcy proceeding? "Neither the Code nor the Bankruptcy Act provide any rules for determining whether the debtor has an interest in property." 4 *Collier on Bankrupcy* ¶ 541.02 (15th ed. 1981). Second, does applicable New York State law exempt those property interests Mucelli has scheduled as exempt?

It is universally accepted that a cause of action is a property interest of the individual in whose favor it arises. Section 70 of the Bankruptcy Act specifically referred to a cause of action as property. The New York State statute and common law deal with a cause of action as a property interest. It is uncontested by Mucelli that this personal injury claim is a property interest which he seeks to exempt under C.P.L.R. section 5201(a) and (b) and G.O.L. section 13–101.

C.P.L.R. section 5201 states, in part:

(a) A debt may consist of a cause of action which could be assigned or transferred....

(b)... A money judgment may be enforced against any property which could be assigned or transferred, whether it consists of a present or future right or interest and whether or not it is vested....

One commentator has observed, "Perhaps the most significant asset which is not assignable and hence not leviable, is a claim for damages for personal injury." 7B *McKinneys Consolidated Laws of New York* C5201:9 (1978). Under G.O.L. section 13–101 an assignment or transfer of a personal injury is prohibited. Therefore under New York State Law, Mucelli's personal injury claim is exempt property.

We reject the trustee's argument that, under Code section 541(c)(1)(A) the New York State exemption is not allowed. Section 541(c)(1) states:

.... an interest of the debtor in property becomes property of the estate ... notwithstanding any provision—(A) that restricts or conditions transfer of such interest by the debtor.

However the Code further stipulates in section 522 that

(b) *Notwithstanding* section 541 of this title, an individual debtor may exempt from property of the estate...

(2)(A) any property that is exempt under... State or local law.... (emphasis added)

Therefore, a personal injury claim is exempt property in the instant case. The same result would be reached under the Bankruptcy Act section 70(a)(5).[1]

This Court now considers whether the proceeds of a personal injury action constitute an interest in property under New York State Law and if so whether such property is exempt. Our inquiry is mandated by the broad inclusions of section 541(a)(1) of the Code of "all legal or equitable interests of the debtor in property." We would not so inquire under section 70 of the former Bankruptcy Act.

██  Under New York State law the proceeds of a personal injury claim are assignable and transferable. *Williams v. Ingersoll*, 89 N.Y. 508 (1882); *Iguanti v. Kronish*, 52 Misc.2d 306, 276 N.Y.S.2d 130 (S.Ct.1966); *Grossman v. Schlosser*, 19 A.D.2d 893, 244

---

1. Bankruptcy Act section 70 stated:
   a. The trustee ... shall in turn be vested by the operation of law with the title of the bankrupt ... to ... (5) property, including rights of action which he [the debtor] could by any means have transferred....

**604**

N.Y.S.2d 749 (2d Dept. 1963). Discussing the assignment of proceeds of a personal injury action, the New York Court of Appeals stated that an equitable interest in property is created by the assignment of such proceeds:

> Story, in his Equity Jurisprudence, in section 1040, says:
>
> Courts of equity will support assignments, not only of choses in action, and of contingent interests and expectancies, but also of things which have no present, actual or potential existence, but rest in mere possibility; not, indeed, as a present, positive transfer, operative *in presenti*, .... but a present contract to take effect and attach as soon as the thing comes *in esse*.

*Williams v. Ingersoll*, 89 N.Y. at 518.

■ "A court of equity gives effect to assignments of contingent interests having no present actual existence but resting in possibility only." 20 N.Y.Jur.Rev., Equity § 50 (1981); *see Field v. Mayor, etc., of New York*, 6 N.Y. 179 (1852). The legal distinction between the assignment of a cause of action for personal injury and the assignment of its proceeds has been consistently followed in New York. *Grossman v. Schlosser*, 19 A.D.2d 893, 894, 244 N.Y.S.2d 749 (2d Dept. 1963). An assignment of proceeds in a personal injury action attaches to the judgment recovered, once recovered. *Stathos v. Murphy*, 26 A.D.2d 500, 276 N.Y.S.2d 727 (1st Dept. 1966). In construing New York state law and the language of C.P.L.R. section 5201(b) which allows the enforcement of a money judgment against property "whether it consists of a present or future right", we conclude that the proceeds of a personal injury action constitute an equitable interest in property under New York State Law. Mucelli has not listed the proceeds of his personal injury action as exempt property nor are these proceeds exempt under the statutes and cases now under scrutiny.

Finally, we consider briefly the Trustee's argument that the proceeds of the personal injury claim should be includible under Code section 541(a)(6) which states that the estate is comprised of "Proceeds ... from the property of the estate...." Since we have determined that the underlying claim itself is exempt property, the proceeds are not included in the estate under this line of reasoning. Rather, as previously stated, the proceeds represent an equitable interest in property distinct from the personal injury claim itself.

In the instant case Mucelli may opt for the federal exemptions, given this Court's decision that the proceeds of his State Court action are property of the estate and not exempt under New York exemptions. *See* 3 Collier on Bankruptcy ¶ 522.02, p. 522–11 (15th ed. 1981).

It is so ordered.