CAMPOS, District Judge.
 

 This appeal is taken from an
 
 Order
 
 of the United States Bankruptcy Court for the District of Colorado which upheld the trustee’s objections to certain exemptions claimed by the debtor. The court held that the debtor lacked “standing” to challenge the constitutionality of Colo. Rev. Stat. § 13-54-107 (Supp.1983) which prevented him from claiming specific federal exemptions provided for under the Bankruptcy Code. The direct appeal is brought pursuant to a stipulation by the parties.
 
 [1]
 

 We affirm the order of the Bankruptcy Court.
 

 Leo Hinkson, the debtor and appellant herein, filed a Chapter 7 bankruptcy petition in the Bankruptcy Court for the District of Colorado. In the petition, the debt- or claimed a number of exemptions. At issue here are a $50.00 United States Savings Bond, a federal tax refund of $788.27, and a state tax refund in the amount of $166.88. There is no dispute that these particular exemptions fall under the Code’s provision in 11 U.S.C. § 522(d)(5).
 
 [2]
 
 The trustee, Jean Pfleiderer, objected to these claimed exemptions on the basis that Colorado had exercised its option under the Code to deny its residents the right to federal exemptions contained in 11 U.S.C. § 522(d).
 

 
 *699
 
 The statutory authority for this “opt-out” is contained in 11 U.S.C. § 522(b), which provides that:
 

 Notwithstanding section 541 of this title, an individual debtor may exempt from the property of the estate
 
 either
 
 —
 

 (1) property that is specified under subsection (d) of this section,
 
 unless the State law that is applicable to the debt- or under paragraph 2(A) of this subsection specifically does not so authorize;
 
 or in the alternative,
 

 (2)(A) any property that is exempt under Federal law,
 
 other than subsection (d)
 
 of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor’s domicile has been located for 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180-day period than in any other place, (emphasis added.)
 

 It is clear that where a state has acted affirmatively, pursuant to the congressional grant contained in 11 U.S.C. § 522(b)(1), a debtor may not take advantage of the exemptions provided for under section 522(d) of the Code.
 
 See First National Bank of Mobile v. Norris,
 
 701 F.2d 902, 904 (11th Cir.1983);
 
 Matter of Sullivan,
 
 680 F.2d 1131, 1132 (7th Cir.1982);
 
 Matter of Cannady,
 
 653 F.2d 210, 214 (5th Cir.1981); See
 
 generally
 
 3 Collier on Bankruptcy 11 522.02 at 522-11 (15th ed. 1983).
 

 The Colorado general assembly has exercised its “veto” power over federal code exemptions contained in section 522(d). Colo.Rev.Stat. § 13-54-107 (Supp. 1983) provides that:
 

 The exemptions provided in section 522(d) of the federal bankruptcy code of 1978 (Title 11 of the United States Code), as amended, are denied to residents of this state. Exemptions authorized to be claimed by residents of this state shall be limited to those exemptions expressly-provided by the statutes of this state.
 
 [3]
 

 Colorado’s decision to “opt-out” of the section 522(d) exemptions activates the provisions of 11 U.S.C. § 522(b)(2A). The debt- or’s alternative is limited to that section. Thus, the only exemptions which the debtor may claim are those available under state or local law or any property which is otherwise exempt by operation of federal law other than section 522(d).
 
 [4]
 

 The debtor attacks the whole of the Colorado statute, § 13-54-107, since, he claims, the provision in the second sentence of this two-sentence statute exceeds the authority invested by Congress upon the State of Colorado to deny certain exemptions to its residents. The claimed excess, says the debtor, offends Article VI, Clause 2 (the Supremacy Clause) of the United States Constitution and, therefore, the entire Colorado statute is unconstitutional.
 

 In our opinion, we need not address the debtor’s claim of unconstitutionality. We need not, therefore, decide the close question as to whether the second sentence of the Colorado statute refers only to Section 522(d) exemptions or whether its breadth is broader than this. This inquiry would take us into realms of legislative intent and statutory construction which need not be visited in this case. The thrust of debtor’s argument need not be addressed for a sound and practical reason. No claim is made here that the exemptions claimed by debtor are exemptions denied him because these come within the ambit of the second sentence of the Colorado statute. The exemptions claimed by debtor are exemptions which, but for the denial in the first sentence of the Colorado statute, could be claimed under 11 U.S.C. Section 522(d). But these the Congress has authorized the State of Colorado to deny its residents and these the State of Colorado has denied. The debtor, therefore, does not have standing to question the constitutionality of a
 
 *700
 
 part of a Colorado statute which does not affect him.
 

 The question of standing is an aspect of justiciability as that term relates to the “case or controversy” requirement of Article III, Section 2 of the United States Constitution. The Plaintiffs ability to demonstrate his or her standing in a particular case is a threshold requirement which empowers a federal court to adjudicate the dispute.
 
 See City and County of Denver v. Matsch,
 
 635 F.2d 804, 808 (10th Cir.1980).
 
 [5]
 
 The Supreme Court has recently clarified the nature of this Article III requirement:
 

 [A]t an irreducible minimum, Art. Ill requires the party who invokes the court’s authority to “show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant,”
 
 Gladstone, Realtors v. Village of Bellwood,
 
 441 U.S. 91, 99 [99 S.Ct. 1601, 1607, 60 L.Ed.2d 66] (1979), and that the injury “fairly can be traced to the challenged action” and “is likely to be redressed by a favorable decision.”
 
 Simon v. Eastern Kentucky Welfare Rights Org.,
 
 426 U.S. 26, 38, 41 [96 S.Ct. 1917, 1924, 1925, 48 L.Ed.2d 450] (1976).
 

 Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.,
 
 454 U.S. 464, 472, 102 S.Ct. 752, 758, 70 L.Ed.2d 700 (1982).
 

 The standing requirement is rooted in the concern that the role of federal courts in a democratic society be properly limited,
 
 See Warth v. Seldin,
 
 422 U.S. 490, 498, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975), and that the judicial process is addressed “to questions presented in an adversary context and in a form historically viewed as capable of resolution.... ”
 
 Flast v. Cohen,
 
 392 U.S. 83, 95, 88 S.Ct. 1942, 1950, 20 L.Ed.2d 947 (1968). Thus, the basic requirement of “ ‘actual injury redressable by the Court’ ” is intended to insure that “the legal questions presented to the court will be resolved, not in the rarified atmosphere of a debating society, but in a concrete factual context conducive to a realistic appreciation of the consequences of judicial action.”
 
 Valley Forge,
 
 454 U.S. at 472, 102 S.Ct. at 758;
 
 See also Baker v. Carr,
 
 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962).
 

 The “injury in fact,” whether threatened or actual, must be personal to the plaintiff.
 
 See Sierra Club v. Morton,
 
 405 U.S. 727, 735, 92 S.Ct. 1361, 1366, 31 L.Ed.2d 636 (1972);
 
 United States v. SCRAP,
 
 412 U.S. 669, 687, 93 S.Ct. 2405, 2416, 37 L.Ed.2d 254 (1973);
 
 Gladstone, Realtors v. Village of Bellwood,
 
 441 U.S. 91, 99-100, 99 S.Ct. 1601, 1607-08, 60 L.Ed.2d 66 (1979). “Abstract injury is not enough.”
 
 O’Shea v. Littleton,
 
 414 U.S. 488, 494, 94 S.Ct. 669, 675, 38 L.Ed.2d 674 (1974). These considerations have moved the Supreme Court to note that:
 

 Embedded in the traditional rules governing constitutional adjudication is the principle that a person to whom a statute may constitutionally be applied will not be heard to challenge that statute on the ground that it may conceivably be applied unconstitutionally to others, in other situations not before the Court.
 

 Broadrick v. Oklahoma,
 
 413 U.S. 601, 610, 93 S.Ct. 2908, 2915, 37 L.Ed.2d 830 (1973) (citations omitted);
 
 See also United States v. Maestas,
 
 523 F.2d 316, 322 (10th Cir.1975). Those limited situations where a litigant’s assertion of
 
 jus tertii
 
 standing may be permitted are inapplicable to this case.
 
 See Broadrick v. Oklahoma,
 
 413 U.S. at 611, 93 S.Ct. at 2915;
 
 Craig v. Boron,
 
 429 U.S. 190, 193, 97 S.Ct. 451, 455, 50 L.Ed.2d 397 (1976).
 

 There is no question that the State of Colorado’s decision to “opt-out” from the exemptions contained in section 522(d) is within the contemplation of the Code. Nor is there any question that the exemp
 
 *701
 
 tions claimed by the debtor in this case fall under the provisions of section 522(d). The debtor has not sustained any cognizable injury by the operation of Colo.Rev.Stat. § 13-54-107 (Supp.1983). The ambiguity contained in the second sentence of the Colorado statute — whether it precludes a debtor from claiming other federal, non-Code exemptions — has not operated to this debtor’s detriment. “In order to challenge a statutory scheme, the challenger must show that he has been injured by it.”
 
 Savina Home Industries v. Secretary of Labor,
 
 594 F.2d 1358, 1366 (10th Cir.1979). This remains true even if “the court’s judgment may benefit others collaterally.”
 
 Warth v. Seldin,
 
 422 U.S. at 499, 95 S.Ct. at 2205.
 

 The bankruptcy court correctly ascertained that the debtor could not claim his section 522(d) exemptions under Colorado law and that he lacked standing to challenge the constitutionality of Colo.Rev.Stat. § 13-54-107 (Supp.1983). The debtor has failed to demonstrate a “personal stake in the outcome of the controversy,”
 
 Baker v. Carr,
 
 369 U.S. at 204, 82 S.Ct. at 703 and, therefore, has no standing to invoke the power of a federal court through Article III.
 

 AFFIRMED.
 

 [1]
 

 . The note preceding 28 U.S.C. § 1471 (Supp. V 1981) provides for appellate jurisdiction and procedure during the transition period between the enactment of the Bankruptcy Code and the effective date of 28 U.S.C. § 1293 (Supp. V 1981) which was to provide for bankruptcy appeals. Section 405(c)(1)(B) of the Code states that:
 

 During the transition period, an appeal from a judgment, order, or decree of a United States bankruptcy judge shall be—
 

 if the parties to the appeal agree to a direct appeal to the court of appeals for such circuit, then to such court of appeals....
 

 Bankruptcy Code of 1978, Pub.L. 95-598, 92 Stat. 2549, 2685 (1978) (codified at 28 U.S.C. § 1471 note preceding).
 

 [2]
 

 . 11 U.S.C. § 522(d)(5) provides that:
 

 The following property may be exempted under subsection (b)(1) of this section:
 

 The debtor’s aggregate interest, not to exceed in value $400 plus any unused amount of the exemption provided under paragraph (1) of this subsection, in any property.
 

 [3]
 

 . Some thirty-six (36) states have utilized the "opt-out” provision.
 
 See
 
 3 Collier on Bankruptcy ¶ 522.02 at 522-11 n. 4a.
 

 [4]
 

 . Various other non-Code federal exemptions are collected in 3 Collier on Bankruptcy ¶ 522-02 at 522-10 to 522-11.
 

 [5]
 

 . Standing of the plaintiff "must be extant at all stages of review.”
 
 Steffel v. Thompson,
 
 415 U.S. 452, 459 n. 10, 94 S.Ct. 1209, 1216 n. 10, 39 L.Ed.2d 505 (1974). Thus, for the purposes of a motion to dismiss "it is sufficient for standing purposes that the plaintiff merely
 
 allege
 
 a concrete injury,” but on a motion for summary judgment the plaintiff must prove the existence of standing.
 
 Glover River Organization v. United States Department of Interior,
 
 675 F.2d 251, 254 n. 3 (10th Cir.1982) (emphasis in the original).