459 So.2d 1148 (1984)
Johnny WASHINGTON, Sr., Etc., Appellant,
v.
FIREMAN's FUND Insurance Company and Fowler, White, Burnett, Hurley, Banick & Strickfoot, P.A., Appellees.
No. 83-1816.
District Court of Appeal of Florida, Fourth District.
November 28, 1984.
Marcia E. Levine of Fazio Dawson & DiSalvo, Fort Lauderdale, for appellant.
William D. Ricker, Jr., of Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellee Fowler, White, Burnett, Hurley, Banick & Strickfoot, P.A.
PER CURIAM.
Appellant appeals from an order dismissing his complaint with prejudice on the *1149 grounds that an action for legal malpractice is not assignable. We affirm.
The assignability of a legal malpractice action is apparently a question of first impression in this state. A majority of jurisdictions prohibit the assignment of such actions because of the personal nature of legal services which involve highly confidential relationships. See Chaffee v. Smith, 98 Nev. 222, 645 P.2d 966 (1982); Clement v. Prestwich, 114 Ill. App.3d 479, 70 Ill.Dec. 161, 448 N.E.2d 1039 (1983); Joos v. Drillock, 127 Mich. App. 99, 338 N.W.2d 736 (1982); Christison v. Jones, 83 Ill. App.3d 334, 39 Ill.Dec. 560, 405 N.E.2d 8 (1980); Goodley v. Wank & Wank, Inc., 63 Cal. App.3d 389, 133 Cal. Rptr. 83 (1976). We agree with the majority. As a matter of public policy, we cannot permit enforcement of a legal malpractice action which has been transferred by assignment.
Accordingly, this court affirms the trial court's dismissal of the complaint with prejudice.
LETTS, HERSEY and GLICKSTEIN, JJ., concur.