**In re Donald and Patricia RICHARDS, Debtors.**

**Bankruptcy No. BK–LV–83–0064.**

United States Bankruptcy Court, D. Nevada.

Feb. 10, 1986.

■

Peter N. Reynolds, Las Vegas, Nev., for debtors.

Peter F. Koppe, Las Vegas, Nev., trustee.

## MEMORANDUM DECISION

ROBERT CLIVE JONES, Bankruptcy Judge.

The trustee's motion for turnover of funds requires the Court to determine what interest, if any, the debtor has in a personal injury judgment rendered post petition.

The facts are undisputed. Debtor Patricia Richards was injured in an automobile accident with one Theodore Wisler in Las Vegas, Nevada in May of 1980. In February, 1981, the debtor filed a personal injury action against Mr. Wisler in the Eighth Judicial District Court for the State of Nevada seeking general and special damages.

The debtor filed a joint voluntary Chapter 7 petition with her spouse on January 18, 1983. The debtor has not claimed her personal injury action on her schedule of exempt property. The debtor's personal injury action was tried by jury in state court in late June of 1983. The debtor was awarded $5,100.18 in damages and $743.00 in costs. Judgment was entered on August 15, 1983. The debtor appealed the judgment, which appeal was dismissed by the Nevada Supreme Court on June 15, 1984.

On November 1, 1983, during the pendency of the appeal, Mr. Wisler, the defendant in the state court action, tendered a check for $5,843.18 to the debtor. That check was not cashed or deposited and became void because of non-deposit. On March 27, 1984, the trustee, Peter F. Koppe, filed his Application for Turnover of Check in Payment of Claim and to Compel Endorsement thereof by debtor. The debtor opposed the motion.

This Court by order of September 27, 1984, ordered Theodore Wisler to pay the trustee $5,593.18 in full satisfaction of the judgment rendered in the debtor's personal injury action in state court. The trustee was ordered to execute a satisfaction of judgment and deliver it to Mr. Wisler. The Court took the matter of ownership of the funds under advisement.

The trustee contends that the debtor's personal injury cause of action against Mr. Wisler became property of the estate when the debtors filed their bankruptcy petition. 11 U.S.C. § 541(a) ("Bankruptcy Code"). The trustee argues that money paid in satisfaction of the personal injury action is, likewise, non-exempt estate property to which the trustee is entitled.

The debtor does not argue that the personal injury cause of action may be exempted from the bankruptcy estate. Rather, the debtor contends that the judgment has never been estate property because a personal injury cause of action is neither subject to attachment or levy by creditors, nor is it transferable under the "public policy" of Nevada law. The debtor argues that even though Nevada statutory law does not exempt personal injury causes of action or recovery from execution, Nevada case law does.

For the reasons stated below, the Court concludes that the debtor's personal injury cause of action and, consequently, any judgment rendered therein are non-exemptable property of the bankruptcy estate.

■ Subject to certain exceptions not applicable here, the filing of a petition in bankruptcy creates an estate comprised of all legal or equitable interests in property held by the debtor when the petition is filed. 11 U.S.C. § 541(a); *see also In re Kretzer*, 48 B.R. 585, 587 (Bankr.D.Nev. 1985); *In re Mortgage Funding*, 48 B.R. 152, 154 (Bankr.D.Nev.1985). Estate property includes personal injury causes of action held by the debtor when the petition is filed. *See In re Tignor*, 729 F.2d 977, 980–81 (4th Cir.1984); *In re Mucelli*, 21 B.R. 601, 603 (Bankr.S.D.N.Y.1982).

An individual debtor may exempt certain property from the bankruptcy estate. 11 U.S.C. § 522(b) and (d); *In re Kretzer*, 48

B.R. at 587. The trustee or any creditor may object to the debtor's claim of property as exempt from the estate within 30 days after the § 341 meeting of creditors, or within 30 days after the filing of an amendment to the schedule of property claimed as exempt. Bankruptcy Rule 4003(b); *In re Kretzer*, 48 B.R. at 587. The time for filing objections to claimed exemptions can be enlarged only during the 30 day period immediately following the § 341 meeting of creditors or the amendment of the schedule of property claimed as exempt. Bankruptcy Rules 4003(b) and 9006(b)(3); *In re Kretzer*, 48 B.R. at 587; *Matter of Wiesner*, 39 B.R. 963, 965 (W.D. Wis.1984). Unless a party in interest timely objects, property claimed as exempt becomes exempt from the bankruptcy estate. 11 U.S.C. § 522(*l*); *In re Kretzer*, 48 B.R. at 587; *see also In re Berry*, 11 B.R. 886, 890 (Bankr.W.D.Penn.1981); 3 L. King, R. Babitt, A. Herzog & R. Levine, *Collier on Bankruptcy* ¶ 522.26 at 522–75 and 522–76 (15th Ed.1980). The objecting party has the burden of proof as to all exemptions claimed by the debtor whether they be state or federal. Bankruptcy Rule 4003(c); *c.f., In re Mucelli*, 21 B.R. at 603.

The state in which the bankruptcy court sits and in which the individual debtor resides may "opt out" of the federal exemptions scheduled in Code § 522(d). 11 U.S.C. § 522(b)(1). If the state has opted out of the federal exemptions listed in § 522(d), only property exempted from execution by other federal law or state law may be exempted from the bankruptcy estate. 11 U.S.C. § 522(b)(2); *In re Tignor*, 729 F.2d at 981; *In re Hinkson*, 729 F.2d 697, 699 (10th Cir.1984); 3 L. King, R. Babitt, A. Herzog & R. Levine, *Collier on Bankruptcy*, ¶ 522.02 at 522–11 (15th Ed.1985).

■ The Nevada Legislature has "opted out" of the federal exemptions listed in Code § 522(d). Nev.Rev.Stat. § 21.090(3). Accordingly, individual debtors filing bankruptcy petitions in the District of Nevada may claim only those exemptions permitted by state law or other federal law. The exemptions scheduled in Nev.Rev.Stat. § 21.090(1) do not include personal injury causes of action or judgments and proceeds.

The debtor, noting that the recovery on a personal injury judgment is not exempt under any legislatively created exemption, contends that the judgment and monies paid in satisfaction thereof are exempt under a judicially created exemption. The debtor argues that a personal injury cause of action cannot become part of the estate because it is not attachable or assignable under Nevada case law.

The debtor's argument relies heavily on the case of *Chaffee v. Smith*, 98 Nev. 222, 645 P.2d 966 (1982). In *Chaffee*, the plaintiff, Kyoko Chaffee, obtained a judgment in a wrongful death action against Airline Training Academy (ATA), in which attorney Franklin N. Smith represented ATA and its insurer. Mr. Smith subsequently withdrew as counsel of record for ATA and later sued and obtained a judgment against ATA on behalf of the insurance carrier. The plaintiff then sued Mr. Smith for legal malpractice in his representation of ATA during the wrongful death action. The plaintiff argued that she had acquired the legal malpractice cause of action of ATA through levy and execution sale of ATA's property. The trial court granted Mr. Smith's motion for summary judgment and the Nevada Supreme Court affirmed. *Chaffee*, 645 P.2d at 966. The Nevada Supreme Court held that as a matter of public policy, previously unasserted legal malpractice actions may not be enforced by an assignee or transferee. The court noted that the "decision as to whether to bring a malpractice action against an attorney is one particularly vested in the client." *Chaffee*, 645 P.2d at 966. The court also specifically reserved opinion on "whether previously asserted legal malpractice actions are transferable." *Id.*

The debtor asks this Court to apply the "public policy" of the *Chaffee* opinion in the present case to exempt the debtor's personal injury recovery from the bankruptcy estate. This Court notes, however, that the *Chaffee* court limited its decision

to the facts of that case. The facts of the case sub judice are substantially different. In *Chaffee*, a levying judgment creditor sought to attach a judgment debtor's previously unasserted legal malpractice claim. In the present case, the trustee seeks turnover of monies recovered on a judgment rendered after a jury trial on the merits. The "public policy" rationale of the *Chaffee* case has no application here because the previously asserted personal injury action was taken to judgment, and payment in satisfaction of that judgment was tendered to the debtor prior to the trustee's motion for turnover of funds. Even if the debtor's personal injury action had not been asserted prior to bankruptcy, the trustee would still have the right to assert that cause of action in the bankruptcy case. *In re Acton Foodservices Corp.*, 39 B.R. 70, 72 (Bankr. D.Mass.1984).

In summary, the Court concludes that the debtor's personal injury action became estate property when the petition was filed. Further, the debtor may not exempt the recovery since the Nevada Legislature has determined that neither personal injury actions nor recoveries are exempt from execution and levy by judgment creditors.