Joe P. **COFFEY**, By and Through His Assignee, Ann Meredith Smith **COLLINS** and Ann Meredith Smith Collins, Individually, and as Administratrix of the Estate of Christopher James Collins, Appellants,

v.

**JEFFERSON COUNTY BOARD OF EDUCATION, E. Preston Young, and Dan McCubbin, Appellees.**

E. Preston **YOUNG**, Cross–Appellant,

v.

Joe P. **COFFEY**, By and Through His Assignee, Ann Meredith Smith **COLLINS** and Ann Meredith Smith Collins, Individually, and as Administratrix of the Estate of Christopher James Collins, Cross–Appellees.

Nos. 87–CA–389–MR, 87–CA–462–MR.

Court of Appeals of Kentucky.

Sept. 2, 1988.

**156**

Gary L. Gardner, Frank Mascagni, III, Louisville, for appellants and cross-appellees.

Robert I. Cusick, Jr., Wyatt, Tarrant & Combs, Louisville, for Jefferson County Bd. of Educ.

F. Chris Gorman, I.G. Spencer, Jr., Ben T. Cooper, Louisville, for E. Preston Young.

Winston E. Miller, Scott T. Dickens, Louisville, for Dan McCubbin.

Before COOPER, DYCHE and HOWARD, JJ.

HOWARD, Judge.

This appeal concerns the issue as to whether or not a defendant in a negligence case may assign to the plaintiff an alleged claim of malpractice against his former attorney after entering into an agreed judgment for damages with the plaintiff.

In May, 1973, seven-year-old Christopher Collins died when a large concrete sewer pipe rolled on him while he was playing near the closed Melbourne Heights School. The pipe had been part of the playground equipment at the school. The school board employees were dismantling the playground and in so doing removed a fence that had restrained the pipe from moving. Over a weekend break in the work, neighborhood children loosened the pipe and rolled it about as an item of play. During this activity, the pipe rolled over young Christopher, resulting in his death.

In May of 1979, Mrs. Collins initiated a lawsuit against the Jefferson County Board of Education, its individual members and others, including Joe P. Coffey, the Director of Grounds for the Jefferson County Board of Education. The school board employed attorney E. Preston Young to represent it and Mr. Coffey. Mr. Young was successful in getting motions for summary judgment granted dismissing all of the defendants except Mr. Coffey. Approximately two weeks before the trial of the case against Mr. Coffey, attorney Young withdrew as attorney for Mr. Coffey as the school board did not feel obligated to defend Mr. Coffey any further. Dan McCubbin, who is the regular attorney for the school board, was in contact with Mr. Young during this litigation more or less as one in charge of supervising the employment contract between Mr. Young and the school board.

On the day of the trial, the plaintiff and Mr. Coffey appeared before the trial court and, at that time, Mr. Coffey confessed judgment in the amount of $1,000,000.00 and at the same time attempted to assign all claims he might have against Young and McCubbin for legal malpractice to Mrs. Collins. When these transactions occurred, Mr. Coffey was represented by David J. Stetson. As a result of these transactions, the present malpractice suit against attorneys Young and McCubbin were filed. The trial court entered summary judgment in favor of the defendants. Hence, this appeal by Mrs. Collins and others.

This jurisdiction has adopted the principle of law that a malpractice claim against an attorney cannot be maintained in the absence of proof that the alleged negligent conduct resulted in specific damage to the client. *Mitchell v. Transamerica Insurance Co.*, Ky.App., 551 S.W.2d 586 (1977). In the case at bar, the entire transaction involving the confession and acceptance of judgment, covenant not to execute and to

indemnify, and assignment are not any indication of the actual damage, if any there was, as a result of legal malpractice.

In addition, it appears to us that this transaction is so collusive that same should be held to be against public policy. This was the type of contrived and elaborate scheme that was denounced by the California Court in the case of *Doser v. Middlesex Mutual Insurance Company*, 101 Cal.App. 3d 883, 162 Cal.Rptr. 115 (1980). Also, a claim for damages for legal malpractice has been held to be not assignable. *Goodley v. Wank & Wank, Inc.*, 62 Cal.App.3d 389, 133 Cal.Rptr. 83 (1976). The California Court aptly stated the crux of the matter here on page 395, 133 Cal.Rptr. 83:

> Our view that a chose in action for legal malpractice is not assignable is predicated on the uniquely personal nature of legal services and the contract out of which a highly personal and confidential attorney-client relationship arises, and public policy consideration based thereon.

For cases from other jurisdictions holding to the same principle, *see Clement v. Prestwich*, 114 Ill.App.3d 479, 70 Ill.Dec. 161, 448 N.E.2d 1039 (1983); *Oppel v. Empire Mutual Ins. Co.*, 517 F.Supp. 1305 (S.D.N.Y.1981), *Collins v. Fitzwater*, 277 Or. 401, 560 P.2d 1074 (1977); *Chaffee v. Smith*, 98 Nev. 222, 645 P.2d 966 (1982); *Joos v. Drillock*, 127 Mich.App. 99, 338 N.W.2d 736 (Mich.App.1983); *Washington v. Fireman's Fund Insurance Company*, 459 So. 2d 1148 (Fla.App.1984).

Having decided that the assignment herein is void as against public policy, it is not necessary to decide whether the assignment is champertous in violation of KRS 372.060. Neither is it necessary to decide if the assignment itself was sufficient, as to legal requirements, to vest a right in the plaintiffs to pursue a claim against Mr. Young as alleged in Mr. Young's cross-claim.

The judgment of the trial court is affirmed on both the appeal and cross-appeal.

All concur.