United States Court of Appeals,

Eleventh Circuit.

No. 95-5516

Non-Argument Calendar.

David FORGIONE, as Assignee of Harry Tofel and Lena Tofel, Plaintiff-Appellant,

v.

DENNIS PIRTLE AGENCY, INC., American States Insurance Company, an Indiana Corporation, Defendants,

State Farm Mutual Automobile Insurance Company, an Illinois Corporation, Defendant-Appellee,

Herman B. Fine, Cerrato-Fine Agency, Inc., a New York Corporation, Defendants-Cross-Defendants, Appellees,

Fireman's Fund Insurance Companies, Defendant-Cross-Claimant, Appellee.

Sept. 5, 1996.

Appeals from the United States District Court for the Southern District of Florida. (No. 94-7254-CIV-SJM), Stanley Marcus, Judge.

Before DUBINA, BLACK and CARNES, Circuit Judges.

PER CURIAM:

This appeal concerns a single issue: Under Florida law, is a claim for negligence by an insured against an insurance agent for failure to obtain proper insurance coverage assignable? Because we are unable to find any authoritative decision from the Florida courts answering the question, we certify the question to the Florida Supreme Court.

I. BACKGROUND

The plaintiff and appellant in this case, David Forgione, was involved in an automobile accident with a vehicle owned by Harry and Lena Tofel. He thereafter obtained a final judgment against

them in the amount of $600,000. Forgione was unable to satisfy that judgment completely, due to a gap in the Tofels' insurance coverage. The Tofels assigned (or attempted to assign) to Forgione all the rights and claims they have against the insurance companies and agents through whom they obtained their insurance coverage. Those companies and agents are the defendants and appellees in this lawsuit.[1]

Forgione alleges that there is a gap in the Tofels' coverage and that some portion of Forgione's $600,000 judgment against them falls into that gap. As the asserted assignee of the Tofels, he further alleges that the agent for State Farm, who obtained the Tofels' base automobile coverage, and the agent for Fireman's Fund, who obtained the Tofels' excess liability umbrella coverage, breached their duties of care to the Tofels by failing to exercise reasonable skill and diligence to ensure that there would be no gap in the limit of the coverage in the base automobile policy provided to the Tofels by State Farm and the minimum of the umbrella coverage that the Tofels were provided by Fireman's Fund in a separate transaction. The action is not one for breach of contract, but instead is for negligence arising from an alleged relationship of trust and confidence between the Tofels and the defendants.[2]

State Farm moved to dismiss Forgione's complaint, contending

---

[1]Forgione voluntarily dismissed Denise Pirtle Agency, Inc., in order to maintain complete diversity.

[2]Forgione alleges that the agents were negligent; the insurance companies that are the agents' principals are sued under a vicarious liability theory.

that it involves a personal tort, the assignment of which is prohibited by Florida law. The district court granted State Farm's motion and dismissed the case, concluding that Florida law does prohibit assignment of the claims.

## II. DISCUSSION

As we understand it, under Florida law, purely personal tort claims cannot be assigned. Examples of such unassignable personal tort claims are personal injury claims, including claims of medical malpractice. *Florida Patient's Compensation Fund v. St. Paul Fire & Marine Ins. Co.,* 535 So.2d 335 (Fla. 4th DCA 1988), and claims for intentional infliction of emotional distress, *Notarian v. Plantation AMC Jeep, Inc.,* 567 So.2d 1034 (Fla. 4th DCA 1990). Florida courts also treat claims of legal malpractice as personal torts incapable of valid assignment. *Washington v. Fireman's Fund Ins. Co.,* 459 So.2d 1148 (Fla. 4th DCA 1984). However, no Florida court has yet addressed whether a negligence claim against an insurance company or agent, of the type presented by this case, is assignable.

The district court, in holding that the negligence claim in this case could not be assigned analogized it to a legal malpractice claim, which cannot be assigned under Florida law. *Forgione v. State Farm Mutual Ins. Co., et al.,* No. 94-7254-CIV-SJM, op. at 9-10 (S.D.Fla. Oct. 31, 1995). The reason that legal malpractice claims cannot be assigned is the personal nature of the relationship between attorney and client and the attendant duties arising from that relationship. *Washington,* 459 So.2d at 1148 ("A majority of jurisdictions prohibit the assignment of [legal

malpractice] actions because of the personal nature of legal services which involve highly confidential relationships."). The district court reasoned that a relationship similar to that of attorney and client "is created when a prospective insured consults an insurance agent, provides that agent with specific information about his unique circumstances and relies on the agent to obtain appropriate coverage tailored to these circumstances." *Forgione,* No. 94-7254-CIV-SJM, op. at 9. The court noted that "an insurance agent owes a prospective insured a duty of unwavering loyalty similar to that owed by an attorney to client." *Id.* at 10. Explaining that it is the special fiduciary nature of the relationship that gives rise to its personal character, the court concluded that the claims of negligence in procuring appropriate insurance coverage in this case are personal in nature and incapable of assignment. *Id.*

Although the district court's classification of a claim by an insured against his agent for negligence in obtaining insurance coverage as a personal tort may be supported by the case law and public policy, Florida cases may also support the opposite result. Florida law permits the assignment of claims against insurance companies based upon allegations that claims were handled in bad faith. *E.g. Selfridge v. Allstate Ins. Co.,* 219 So.2d 127 (Fla. 4th DCA 1969). It is possible that Florida courts would permit assignment of the negligence claims in this case. Extending the class of nonpersonal assignable claims to include the claims presented in this case might be as natural as extending the class of personal nonassignable claims to include them.

In the absence of any direct authority either way, any conclusion we reach must be based on uncertain analogy. The district court believed that the claims at issue here are most analogous to claims of legal malpractice. There are definite similarities. However, there are also significant dissimilarities, particularly when one looks to the policy goals behind the prohibition against assignment of legal malpractice claims. In extending the definition of a personal tort to a claim of legal malpractice, the court in *Washington,* 459 So.2d at 1149, emphasized the "personal nature of legal services which involve highly confidential relationships." One concern that appears to have influenced the *Washington* court was that an attorney would be unable to maintain client confidences if sued by someone other than the client. *See id.* (citing *Chaffee v. Smith,* 98 Nev. 222, 645 P.2d 966 (1982); *Clement v. Prestwich,* 114 Ill.App.3d 479, 70 Ill.Dec. 161, 448 N.E.2d 1039 (1983); *Joos v. Drillock,* 127 Mich.App. 99, 338 N.W.2d 736 (1983); *Christison v. Jones,* 83 Ill.App.3d 334, 39 Ill.Dec. 560, 405 N.E.2d 8 (1980); *Goodley v. Wank & Wank, Inc.,* 62 Cal.App.3d 389, 133 Cal.Rptr. 83 (1976)). That concern may not be warranted in the case of a prospective insured and agent. An insurance agent, although under a fiduciary duty to his prospective insured, is not bound by the same canons of ethics as is an attorney. An attorney-client relationship is unique among agency relationships. For those and other reasons, we do not know whether the Florida courts would extend the rule of nonassignability to the claims in this case.

When substantial doubt exists about the answer to a material

state law question upon which the case turns, a federal court should certify that question to the state supreme court in order to avoid making unnecessary state law guesses and to offer the state court the opportunity to explicate state law. *See, e.g., Mosher v. Speedstar Div. of AMCA Int'l, Inc.,* 52 F.3d 913, 916-17 (11th Cir.1995). "Only through certification can federal courts get definitive answers to unsettled state law questions. Only a state supreme court can provide what we can be assured are "correct' answers to state law questions, because a state's highest court is the one true and final arbiter of state law." *Sultenfuss v. Snow,* 35 F.3d 1494, 1504 (11th Cir.1994) (en banc) (Carnes, J., dissenting) *cert. denied,* --- U.S. ----, 115 S.Ct. 1254, 131 L.Ed.2d 134 (1995).

### III. QUESTION TO BE CERTIFIED

Accordingly, we respectfully certify the following question of law to the Florida Supreme Court:

> Can a claim for negligence by an insured against an insurance agent for failure to obtain proper insurance coverage be assigned to a third party?

Our statement of the question is not meant to limit the scope of inquiry by the Florida Supreme Court. On the contrary:

> the particular phrasing used in the certified question is not to restrict the Supreme Court's consideration of the problems involved and the issues as the Supreme Court perceives them to be in its analysis of the record certified in this case. This latitude extends to the Supreme Court's restatement of the issue or issues and the manner in which the answers are to be given....

*Martinez v. Rodriquez,* 394 F.2d 156, 159 n. 6 (5th Cir.1968).

The entire record in this case, together with copies of the briefs of the parties, is transmitted herewith.

QUESTION CERTIFIED.