**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 19 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

In re: DAVID NOVAK,

      Debtor,

_____

THE ESTATE OF DR. ALFRED
NOVAK; DAVID NOVAK,

      Appellants,

v.

THE HONORABLE JOHN T.
FLANNAGAN,

      Appellee,

_____

CARL R. CLARK, Trustee.

Nos. 03-3065 and 03-3066
(D.C. Nos. 02-CV-2209-KHV and
02-CV-2210-KHV)
(D. Kan.)

**ORDER AND JUDGMENT** *

Before **MURPHY** and **PORFILIO** , Circuit Judges, and **BRORBY** , Senior Circuit
Judge.

_____

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). These cases are therefore ordered submitted without oral argument.

The court has consolidated these appeals on its own motion. [1] *See* Fed. R. App. P. 3(b)(2). In case No. 03-3065, David Novak (whom we shall call "Mr. Novak" to distinguish him from his father, Dr. Alfred Novak), acting as "authorized agent" for the Estate of Alfred Novak, appeals from the district court's order affirming a decision of the bankruptcy court granting the trustee's motion to sell a 1994 Dodge Viper as part of Mr. Novak's bankruptcy estate. In case No. 03-3066, Mr. Novak appeals from the same district court order, this time as the debtor in bankruptcy. In both cases, Mr. Novak's argument is essentially identical: the Viper was not part of his bankruptcy estate; it belonged to his father Alfred Novak; and it should not have been sold to benefit Mr. Novak's creditors.

The district court concluded that Mr. Novak was collaterally estopped from challenging the bankruptcy court's conclusion that the Viper was part of the bankruptcy estate. Mr. Novak contends that the order the district court relied upon does not meet the requirements for collateral estoppel. We need not reach

---

[1]     On the Court's own motion, the caption is corrected to reflect the parties before this court.

this issue, however, as we conclude that Mr. Novak lacks standing to proceed in this court, either on his own behalf or as "authorized agent" of the estate of Alfred Novak.

FACTS

These cases arise from a voluntary Chapter 7 bankruptcy Mr. Novak filed on June 23, 1995 in the District of Kansas. In his bankruptcy, Mr. Novak asserted debts of over $400,000 and assets of only about $11,000. *United States v. Novak*, 217 F.3d 566, 573 (8th Cir. 2000) (criminal proceeding describing David Novak's bankruptcy proceedings).[2] He paid his unsecured creditors nothing, and received a discharge order on October 24, 1995. *Id.*

The government subsequently convicted him of five counts of concealment of assets and false oaths and claims, under 18 U.S.C. §§ 152 and 2; one count of money laundering under 18 U.S.C. § 1956(a)(1)(B)(I); and one count of conspiracy under 18 U.S.C. § 371. *Novak*, 217 F.3d at 573-74. These convictions resulted from his attempts, with Alfred Novak, to hide property from his creditors and/or the United States Trustee in his bankruptcy. After a jury trial, on May 20, 1999, Judge Laughrey, of the United States District Court for the Western District

---

[2] Venue in the bankruptcy case was at one point transferred to the Western District of Missouri, where the criminal adjudication also took place. Apparently, venue was transferred back to the District of Kansas when the bankruptcy case was reopened.

of Missouri, sentenced David Novak to 63 months' imprisonment for these crimes.

The United States later filed an application for writ of execution, seeking to obtain legal possession of a red two-door Dodge Viper allegedly belonging to Mr. Novak that it had seized. Mr. Novak repeatedly disclaimed any interest in the Viper, but Alfred Novak requested a hearing on the writ of execution, asserting that he was the vehicle's true owner. Alfred Novak next filed a motion in his son's criminal case under Fed. R. Crim. P. 41(e), seeking return of the Viper.

Alfred Novak died in late 1999 or early 2000, during the Rule 41(e) proceedings, and the Alfred Novak Living Trust was substituted for him by consent of the parties prior to judgment. Judge Laughrey denied the Rule 41(e) motion. She concluded that although the Viper had been titled in the name of the Alfred Novak Living Trust, it actually belonged to David Novak.

On July 14, 2000, the United States Trustee moved to reopen Mr. Novak's bankruptcy case in the District of Kansas. The Trustee asserted that the Viper should be sold to pay a portion of the restitution owed by Mr. Novak in his criminal case. The district court granted the motion to reopen the bankruptcy, and the Trustee's motion to sell the Viper, over Mr. Novak's objection.

Mr. Novak filed two notices of appeal to the district court, one as debtor (No. 02-CV-2210) and one as "authorized agent" of the Dr. Alfred Novak estate

-4-

(No. 02-CV-2209). He also brought several petitions for writ of prohibition and mandamus in district court against Bankruptcy Judge Flannagan that were docketed under the same district court case numbers as his appeals, No. 02-CV-2209, R. Doc. 2; No. 02-CV-2210, R. Docs. 3, 6, 7. In these petitions Mr. Novak sought, on behalf of himself and the estate of Alfred Novak, to compel Judge Flannagan to retract his order authorizing the sale.

On January 23, 2003, the district court entered an order disposing of both of the appeals and all of the pending writ petitions. Relying on the findings of the Western District of Missouri in the Rule 41(e) proceeding, it determined that the doctrine of collateral estoppel prevented Mr. Novak and Alfred Novak's estate from challenging the bankruptcy court's finding that Mr. Novak was the owner of the Viper.

ANALYSIS

This court is obligated to consider standing questions before reaching the merits of an appeal. *Weinman v. Fid. Capital Appreciation Fund (In re Integra Realty Res., Inc.)*, 262 F.3d 1089, 1101 (10th Cir. 2001). The party invoking federal jurisdiction bears the burden of establishing his standing. *Id.* at 1101-02. He must show an injury in fact personal to himself. *Hinkson v. Pfleiderer*, 729 F.2d 697, 700 (10th Cir. 1984).

-5-

Mr. Novak has repeatedly disavowed any interest, legal or equitable, in the 1994 Viper automobile at issue in this case. *See* Affidavit, No. 02-CV-2209, R., Doc. 4 at 1 ("I hereby attest under Oath and Penalty of Perjury that I have <u>never</u> held <u>any</u> <u>ownership</u> to [the] 1994 Dodge Viper . . . ."). The only interest he has asserted in this proceeding is his personal desire not to see the Viper sold and distributed to creditors as part of his bankruptcy estate, because it belonged to his father. This being the case, he fails to show a legally-cognizable injury to himself from the sale of the Viper and therefore lacks standing, as debtor in his bankruptcy case, to prosecute this appeal.

Mr. Novak also purports to appear, however, as "authorized agent" of Alfred Novak's estate. The record indicates that the Viper was titled in the name of the Alfred Novak Living Trust, not in the name of Alfred Novak or his estate. Nothing in Mr. Novak's briefs indicates that he is trustee of this trust, or for that matter, that he is the personal representative of Alfred Novak's estate. Recognizing the serious standing problems posed by these facts, we issued an order to show cause why this appeal should not be dismissed for lack of standing. Mr. Novak filed a timely response.

Upon consideration of the response, Mr. Novak's briefs, and the record, we hold that Mr. Novak has failed to demonstrate that he has standing to appeal. Property held in trust generally does not constitute a part of the decedent's

probate estate. *See* Restatement (Third) of Property: Wills & Other Donative Transfers § 1.1(a), cmt. b. Mr. Novak fails to show that this general rule is inapplicable here. He also fails to demonstrate that his notarized authorization from his brother Paul Novak, purporting, "as a beneficiary of the Estate of Dr. Alfred Novak" to authorize Mr. Novak to "file necessary motions and documents in order to protect the interests of the Estate of Dr. Alfred Novak," conferred standing on him to appeal on behalf of the aggrieved party, the Alfred Novak Living Trust. *See* Response to Show Cause Order, Ex. "A," at 5 ("Authorization"). Mr. Novak's own affidavit, purporting to appoint himself to represent the Alfred Novak estate in the bankruptcy proceeding, suffers from the same deficiency. In addition, neither of these documents purports to have been executed by the personal representative of the Alfred Novak estate, who would be the appropriate party to bring suits on behalf of the estate to recover property belonging to the estate. *See Kos v. Patrons State Bank & Trust Co. (In re Estate of Matthews)*, 493 P.2d 555, 562 (Kan. 1972).

We dispose briefly of the other arguments Mr. Novak raises in support of his standing to appeal. He argues that a finding of "no standing" violates due process because it allows "corrupt" bankruptcy trustees to loot with impunity the estates of the dead. Response to Show Cause Order, at 14. This argument ignores the fact that there *is* a potential party with standing: the legitimate trustee

of the Alfred Novak Living Trust.  The only problem is, this trustee is not present in this court to defend the Trust's interests.  There may be many reasons for this, including the devastating findings made against the trustee when he intervened in Mr. Novak's criminal action in the prior Fed. R. Crim. P. 41(e) proceeding.

Mr. Novak also argues that he may represent the trust under the doctrine of *jus tertii* or "third party standing."  In order to raise a legitimate claim of third party standing, a litigant must satisfy three criteria:

> The litigant must have suffered an 'injury in fact,' thus giving him or her a sufficiently concrete interest in the outcome of the issue in dispute; the litigant must have a close relation to the third party; and there must exist some hindrance to the third party's ability to protect his or her own interests.

*Powers v. Ohio*, 499 U.S. 400, 411 (1991) (quotations and citations omitted).

Mr. Novak's claim founders on the first and third criteria.  Having disclaimed all legal and equitable interest in the automobile, he has no personal "injury in fact" cognizable in this court.  He also makes no showing that the Alfred Novak Living Trust has been hindered in representing itself in this action, if it chose to do so.  While he claims to represent the Alfred Novak estate, he fails to show that the estate has suffered any "injury in fact," because there is no indication that the estate (as opposed to the Trust) owned the Viper.

Mr. Novak lacks standing to bring these appeals.  The appeals are therefore

DISMISSED.  Mr. Novak's motion to proceed IFP is GRANTED.


                                  Entered for the Court


                                  Wade Brorby
                                  Senior Circuit Judge