CHARLES PAINTER AND MELVIN E. LOWELL, APPEL-
LANTS, *v*. RONALD N. ANDERSON AND PATRICIA M.
ANDERSON; ELWOOD M. BAKER AND ELIZABETH
M. BAKER; BILLY DON BARBER AND SUSAN BAR-
BER; DENNIS R. DONNELLY AND ARLENE DON-
NELLY; WILLIAM A. FISHER AND JANE K. FISHER;
JAMES A. HELLESO AND JEANNE S. HELLESO;
CLAUDE FOREMAN AND BONNIE FOREMAN; ROB-
ERT D. HILLIARD AND RUTH E. HILLIARD; GER-
ALD E. PARR AND ROBERT K. PARR; HERMAN L.
PIERCE AND SUSAN A. PIERCE; AND CHIEFTAN
MANOR WATER USERS ASSOCIATION, A NEVADA
CORPORATION, RESPONDENTS.

No. 11512

December 30, 1980                    620 P.2d 1254

[Rehearing denied February 5, 1981]

*R. Paul Sorenson,* Las Vegas, for Appellants.

*Hilbrecht, Jones, Schreck & Bernhard,* Las Vegas, for
Respondents.

## OPINION

*Per Curiam:*

This appeal is in a contract and misrepresentation action in which the district court, sitting without a jury, determined that significant misrepresentations had been made by one of the defendants (Mr. Charles Painter) to the individual plaintiffs, resulting in measurable damages to the plaintiff Association, *i.e.,* the Chieftan Manor Water Users Association. Charles Painter, one of the defendants below,[1] is the sole appellant herein. The plaintiffs below, respondents herein, included individual purchasers from Mr. Painter of lots in a subdivision, *i.e.,* Chieftan Manor, and of shares in an affiliated, non-profit Nevada corporation, *i.e.,* a water users association (Chieftan Manor Water Users Association, hereinafter "the Association"), and the Association itself.[2]

Mr. Painter appeals the trial court's finding that his misrepresentations damaged the Association rather than its individual members[3] and from the court's judgment that he must pay the Association $9,890.70 in general damages. Specifically,

---

[1]Melvin Lowell was the other named defendant but he was dismissed from the action by the court below when no evidence was presented to support the plaintiffs' claims against him.

[2]Technically the only respondent herein is the Association. The district court dismissed all of the individually named plaintiffs from the case at the close of the trial below and none of them has appealed from his judgment in this regard.

[3]The particular findings of fact which the appellant contends were invalid are the following:

"17. The ASSOCIATION, as the owner of the well and water system and as the entity charged with the responsibility of operating and maintaining the well and water system, was exposed to liability by reason of defendant PAINTER's false misrepresentations [to the individual plaintiffs].

"18. It is the ASSOCIATION which must effect the necessary repairs to

Painter contends that the Association was not a real party in interest in this matter[4] and, therefore, that the award of a judgment and damages to it was improper. We disagree and therefore affirm.

### THE REAL PARTY IN INTEREST

The concept "real party in interest" under NRCP 17(a) means that an action shall be brought by a party "who possesses the right to enforce the claim and who has a significant interest in the litigation." Virginia Electric & Power Co. v. Westinghouse Elect. Corp., 485 F.2d 78, 83 (4th Cir. 1973), cert. denied, 415 U.S. 935 (1974). The purpose of the rule is

> to enable the defendant to avail himself of evidence and defenses that the defendant has against the real party in interest, and to assure him finality of the judgment, and that he will be protected against another suit brought by the real party at interest on the same matter.

Celanese Corp. of America v. John Clark Industries, 214 F.2d 551, 556 (5th Cir. 1954).

In the instant case, the Association holds legal title to the water system of the Chieftan Manor subdivision. It is charged in its articles of incorporation with the duty of supplying water

---

correct the inadequacies in the water system and bring the water system up to the standards represented by defendant PAINTER.

"19. It is the ASSOCIATION's well and water system which was misrepresented by defendant PAINTER when defendant PAINTER was in complete control of the ASSOCIATION, and the ASSOCIATION must find the financial resources to upgrade the water system.

"20. ·The damage resulting from defendant PAINTER's misrepresentations concerning the ASSOCIATION's well and water system, which must be borne by the ASSOCIATION, are as follows:

| | | |
|---|---|---|
| "A. | Five-horse pump | $1,830.00 |
| "B. | Engineering reports of Baughman & Turner, Inc. | 750.00 |
| "C. | Miscellaneous bills | 225.00 |
| "D. | Water well services (Upgrading of well system) | 7,085.70 |
| | | $9,890.70 |

[4]NRCP 17(a) provides in pertinent part that, "[e]very action shall be prosecuted in the name of the real party in interest." This language is taken from and identical to a similar provision in Rule 17(a) of the Federal Rules of Civil Procedure, i.e., "[e]very action shall be prosecuted in the name of the real party in interest."

Because the language in NRCP 17(a) concerning the concept "real party in interest" is identical to that found in FRCP 17(a), and because few, if any, Nevada cases have construed the concept, federal court case law construing the notion is considered to be authoritative.

to the development. The Association's legal title to the well and water system is sufficient to make it a real party in interest. Smith v. Logan, 18 Nev. 149, 1 P. 678 (1883).

The appellant was not misled as to the nature of the action against him: his defense was that he had made no misrepresentations either to the individual plaintiffs or to the Association. There is no indication that any other plaintiffs exist who have any interest in the subject matter of the action. The individual plaintiffs have been dismissed from the suit, and they have not appealed that dismissal, so any further action by them would be barred by the doctrine of *res judicata*. Finally, since judgment for the entire cost of bringing the water system into conformity with Painter's representations has been rendered for the Association, there is no indication that the Association could sue for any other damages. Therefore, the judgment of the district court is affirmed.