NEV-TEX OIL & GAS, INC., AND KENNETH SANTOR, APPELLANTS, *v.* PRECISION ROLLED PRODUCTS, RESPONDENT.

No. 19472

November 27, 1989                    782 P.2d 1311

*Mark H. Gunderson,* Reno, for Appellants.

*Roland K. Martin,* Reno; *Beckley, Singleton, DeLanoy, Jemison & List* and *Daniel F. Polsenberg,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a money judgment entered pursuant to a bench trial. At trial respondent asserted claims against appellants for breach of a gas well exploration agreement, misrepresentation and unjust enrichment. The district court awarded respondent damages in the amount of $58,000 plus $5,000 in punitive damages.

Appellants contend on appeal that the district court erred in piercing the corporate veil of appellant Nev-Tex Oil & Gas, Inc., and awarding damages against appellant Kenneth Santor person-

ally. This argument is misplaced. Although the district court found that Nev-Tex's corporate veil should be pierced, this finding was unnecessary to the award of damages against Santor personally.

The district court found that Santor intentionally misrepresented material facts to respondent and that respondent was damaged in the amount of $58,000 because of those misrepresentations. An agent who fraudulently makes representations is liable in tort to the injured person although the fraud occurs in a transaction on behalf of the principal. *See e.g.* Carrel v. Lux, 420 P.2d 564, 576 (Ariz. 1966); Pentacost v. Harward, 699 P.2d 696, 699 (Utah 1985). Thus appellant Santor is liable to respondent regardless of whether the corporate veil was correctly pierced.

Appellants next contend that the trial court erred in its calculation of damages. Specifically, appellants note that respondent sold one-half of its interest in the gas well to a partnership after it initiated suit. The partnership was not a party to this lawsuit. Because respondent owned only one-half of the interest in the gas well at the time of the judgment, appellants contend that respondent was not the real party in interest as to one-half of the damages.

This contention lacks merit. Respondent was a party to the exploration agreement; the partnership was not. Santor made misrepresentations to respondent, and respondent was damaged as a result of these misrepresentations. Therefore, respondent had a significant interest in the litigation and possessed the right to enforce the claims. *See* Painter v. Anderson, 96 Nev. 941, 943, 620 P.2d 1254, 1256 (1980). Although respondent entered into a sub-agreement with the partnership, respondent is nevertheless the real party in interest as to the entire damage award and did not receive a double recovery. The fact that the partnership may have some rights as against respondent resulting from their separate sub-agreement does not affect appellants' liability to respondent for the actual amount of the damages caused in this action. The district court's award of damages was proper in all respects. Accordingly, we affirm the judgment of the district court.