EDWARD J. ACHREM, CHARTERED, a Nevada Profes-
sional Corporation, and EDWARD J. ACHREM, an
Individual, Appellants, v. EXPRESSWAY PLAZA
LIMITED PARTNERSHIP, a Nevada Limited Partner-
ship, Respondent.

No. 26879

May 30, 1996                                        917 P.2d 447

[Rehearing denied December 18, 1996]

*Rawlings, Olson & Cannon,* and *Don F. Shreve, Jr.,* Las
Vegas, for Appellants.

*Brian Keith Berman,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Shawn Nicholson ("Shawn") suffered personal injuries during athletic activities at his school. Shawn and his mother, Marcia Ann Nicholson ("Marcia"), hired appellant Edward J. Achrem ("Achrem") to represent them in a legal proceeding against Shawn's school. Shawn's lawsuit was settled for $45,000.00.

Prior to Shawn's injuries, Marcia leased part of a building from respondent Expressway Plaza Limited Partnership ("Expressway"). After Marcia failed to pay rent and other expenses, Shawn and Marcia executed an irrevocable assignment that assigned to Expressway part of Shawn's proceeds from his lawsuit. Expressway's counsel sent a letter to Achrem advising Achrem of the existence of the assignment. However, after receiving Shawn's settlement, Achrem released the funds to Shawn.

Expressway filed a complaint against Achrem. The district court ruled that Achrem violated the laws of contract by failing to comply with the assignment agreement. Achrem presents three arguments in this appeal challenging the propriety of the district court's ruling. First, Achrem contends that the assignment under review was void as against public policy. Second, Achrem contends that obligations under the assignment cannot be enforced against him due to his fiduciary duty as Shawn's legal counsel. Third, Achrem contends that the assignment is not legally enforceable. Based on the reasoning in this opinion, we conclude that Achrem's arguments lack merit, and we affirm the district court's ruling.

### FACTS

On March 5, 1990, Shawn was injured when his high school baseball coach inadvertently hit him in the head with a baseball bat. Shawn's coach was an employee of the Clark County School District ("the school district"). Shawn was seventeen years old on the date of the injury. Shawn and Marcia hired Achrem to represent them in a legal proceeding against the school district. Achrem filed a lawsuit against the school district that was settled for $45,000.00.

Prior to Shawn's injuries, Marcia leased part of a building from Expressway. Marcia fell into arrears by failing to pay rent and maintenance fees on Expressway's facility. On December 9,

1992, Marcia allowed a confession of judgment to be entered against her and in favor of Expressway in the amount of $16,886.89. On January 6, 1993, Shawn and Marcia executed an irrevocable assignment in favor of Expressway for the amount of $16,886.89 in exchange for forbearance on the immediate collection on its judgment against Marcia. The agreement assigned the first $16,886.89 of a settlement of Shawn's lawsuit against the school district to Expressway.

On July 23, 1993, Expressway's counsel sent a letter to Achrem advising him of the existence of Expressway's assignment. On August 9, 1993, Achrem met with Shawn to discuss Expressway's letter, the assignment, and Achrem's response to the Expressway letter. Shawn instructed Achrem to pay the proceeds of the settlement to Shawn. Achrem then released the funds to Shawn.

Expressway filed a complaint against Achrem alleging that Achrem's conduct violated the assignment agreement, that Achrem was negligent, and that Achrem violated a fiduciary duty to maintain the settlement proceeds in a client trust fund. The district court found that Shawn was of the age of majority when he signed the assignment with Expressway and the settlement agreement with the school district. As to the assignment, the district court ruled that it was a valid, legally binding document that assigned the rights to a portion of the proceeds from Shawn's lawsuit. Also, the district court found that Achrem conveyed the settlement funds to Shawn in derogation of that assignment. Accordingly, the district court granted Expressway summary judgment, ruling that Achrem violated the laws of contract by failing to comply with the assignment agreement.

## DISCUSSION

*Assignment of the proceeds of a tort action*

At common law, an assignment of the right to a personal injury action was prohibited. *See* Karp v. Speizer, 647 P.2d 1197, 1198-99 (Ariz. Ct. App. 1982). Many jurisdictions continue to adhere to the common law view. *See* 6 Am. Jur. 2D *Assignments* § 37 (1963). However, in most states an attorney is allowed by statute to receive an assignment of a portion of the proceeds of a tort action through a contingency fee agreement with a client. SCR 155; Cal. Bus. & Prof. Code § 6146 (West 1990); N.Y. Jud. Law § 474 (McKinney 1983).

Also, some states draw a distinction between the assignment of an action itself and the assignment of the proceeds of that action. Block v. California Physicians' Service, 53 Cal. Rptr. 51, 53-55

(Ct. App. 1966); Charlotte Hosp. Auth. v. First of Ga. Ins. Co., 455 S.E.2d 655, 657 (N.C. 1995), *rehearing denied,* 458 S.E.2d 186 (N.C. 1995); Kuhns v. Standard Oil Co., 478 P.2d 396, 405 (Or. 1970). These courts reason that the policy considerations underlying the prohibition against assignments of tort actions are not present in the assignment of the proceeds of an action. *See Charlotte Hosp. Auth.,* 455 S.E.2d at 657. Specifically, when a tort action is assigned, the assignor loses the right to pursue the action. In re Musser, 24 B.R. 913, 920-21 (Bankr. W.D. Va. 1982). However, when the proceeds of an action are assigned, the assignor retains control of the action, and the assignee cannot pursue the action independently. *See id.; Block,* 53 Cal. Rptr. at 53-55. Based on this reasoning, many courts allow assignment agreements that assign the proceeds of a tort action. In re Duty, 78 B.R. 111, 114-16 (Bankr. E.D. Va. 1987); Bernstein v. Allstate Ins. Co., 288 N.Y.S.2d 646, 648-49 (N.Y. 1968); Neilson Rlty. Corp. v. Motor Vehicle Acc. Indem. Corp., 262 N.Y.S.2d 652, 657-58 (App. Div. 1965); *Kuhns,* 478 P.2d at 405. For example, medical professionals can obtain a lien against a future personal injury award in exchange for medical services. *Block,* 53 Cal. Rptr. at 53-55.

This court first addressed the assignability of the rights to a tort action in Davenport v. State Farm Mutual, 81 Nev. 361, 404 P.2d 10 (1965), by expressly allowing the assignment of tort actions. *Id.* In 1967, the Nevada Legislature specifically prohibited the assignment of a cause of action by passing NRS 41.100(3). 1967 Nev. Stat., ch. 190, § 3 at 408. However, in 1979, the Nevada Legislature amended NRS 41.100(3) and deleted any statutory prohibition against assigning tort actions. 1979 Nev. Stat., ch. 305, § 2 at 458-59. *See also* Maxwell v. Allstate Ins. Co., 102 Nev. 502, 504-05, 728 P.2d 812, 814 (1986).

In *Maxwell,* this court ruled that the assignment of a tort action through a subrogation clause in an insurance agreement contravened public policy and was void. *Id.* at 507, 728 P.2d at 814-15. Specifically, this court stated:

> Whether the subrogation clause is viewed as an assignment of a cause of action or as an equitable lien on the proceeds of any settlement, the effect is to assign a part of the insured's *right to recover* against a third-party tortfeasor. We hold such an assignment is invalid. We are cognizant that in so doing we join a minority of jurisdictions so holding.

*Id.* at 505, 728 P.2d at 814-15 (emphasis added) (citations omitted).

In the present case, the district court ruled that the holding in *Maxwell* applies only to a subrogation clause in an automobile

insurance policy. We partially agree. *Maxwell* clearly applied to a subrogation clause, but the reasoning of *Maxwell* applies equally wherever an assignment agreement assigns to a third party the right of an injured plaintiff to recover against a tortfeasor. *See* Fifield Manor v. Finston, 354 P.2d 1073, 1078 (Cal. 1960). Because Expressway's assignment did not assign to Expressway the right to pursue Shawn's lawsuit, we conclude that the district court properly distinguished the case at bar from the holding in *Maxwell*.

The district court also considered Expressway's assignment to be allowable because it assigned a portion of Shawn's proceeds from his action against the school district, not Shawn's tort action itself. We conclude that the district court was correct in ruling that a meaningful legal distinction exists between assigning the rights to a tort action and assigning the proceeds from such an action. *See* In re Musser, 24 B.R. at 920-21. When the *proceeds* of a settlement are assigned, the injured party retains control of their lawsuit and the assignee cannot pursue the action independently. *See Charlotte Hosp. Auth.*, 455 S.E.2d at 657. Also, the ability to assign portions of the proceeds of the suit allows an injured plaintiff to obtain an attorney through a contingency fee arrangement and allows the plaintiff to pursue the action without being burdened by medical bills associated with the accident.

In this case, Shawn and Marcia retained control of their lawsuit against the school district without any interference from Expressway. Thus, we conclude that the public policy against assigning tort actions was not present in this case. Accordingly, we affirm the district court's ruling that Expressway's assignment was not void as against public policy.

*Achrem's obligation pursuant to the assignment*

Achrem argues that his fiduciary duty to Shawn, as Shawn's counsel, conflicted with his duty to comply with Expressway's assignment. The district court, relying heavily on the reasoning in Bonanza Motors, Inc. v. Webb, 657 P.2d 1102 (Idaho Ct. App. 1983), ruled that Achrem's duty to his client did not create a conflict sufficient enough to justify Achrem's conveyance of the settlement proceeds to Shawn.

The facts presented in *Bonanza Motors* were nearly identical to the facts in the case at bar. *See id.* at 1103. The *Bonanza Motors* court ruled that a defendant law firm's ethical obligations did not require that law firm to pay funds to its client that were previously assigned to a third party. *Id.* at 1105. Instead, the *Bonanza Motors* court ruled that the assignment removed from the client any right to the amount of funds controlled by the assignment. *Id.*

Accordingly, the funds did not belong to the client; therefore, the attorney did not have to pay the funds to the client. *Id.*

We conclude that the district court's reasoning was correct. First, when a client assigns rights to the proceeds of a tort action to a creditor, those proceeds no longer belong to the client. *Id.;* Leon v. Martinez, 638 N.E.2d 511, 514 (N.Y. 1994); *see also* Romero v. Earl, 810 P.2d 808 (N.M. 1991); Aiello v. Levine, 255 N.Y.S.2d 921 (App. Div. 1965); Brinkman v. Moskowitz, 238 N.Y.S.2d 876 (App. Div. 1962). Accordingly, an attorney is not obligated to pay those funds to his client. Further, we conclude that if a conflict existed between Shawn's interests and Expressway's interests, Achrem should have deposited the settlement proceeds in a trust fund account and requested a court to direct the fund's distribution. *See* NRCP 22.

### Legal enforceability of the assignment

Achrem contends that the contested assignment agreement is unenforceable because there was no meeting of the minds between Shawn, Marcia and Expressway, there was no consideration, and the assignment was not properly notarized. The evidence in support of Achrem's contention is contained within affidavits of Shawn and Marcia that were filed as attachments to Achrem's motion for reconsideration. The district court refused to consider the affidavits because they were not properly submitted as evidence before the district court reached its decision in this case.

We conclude that the district court properly refused to consider the arguments raised by Achrem which were based on evidence that was not properly within the record. Points or contentions not raised in the original hearing cannot be maintained or considered on rehearing. Chowdhry v. NLVH, Inc., 111 Nev. 560, 562-63, 893 P.2d 385, 387 (1995); Cannon v. Taylor, 88 Nev. 89, 92, 493 P.2d 1313, 1314-15 (1972). Accordingly, we conclude that the district court properly refused to consider these issues.

### CONCLUSION

We conclude that the district court properly granted Expressway summary judgment. As described above, whether an assignment is allowed under Nevada law and whether Achrem is liable for not conveying settlement proceeds to Expressway are matters of law. Further, we conclude that the issues of fact that Achrem asserted with regard to the legal enforceability of the

assignment are procedurally barred from consideration because Achrem presented the evidence in support of those issues in his motion for reconsideration. Accordingly, we conclude that no genuine issues of fact remained for the district court to decide and summary judgment was properly granted. Shepard v. Harrison, 100 Nev. 178, 179-80, 678 P.2d 670, 672 (1984).