**JACKSON NATIONAL LIFE INSUR-ANCE COMPANY, as Court Appointed Representative of the Estates of the Debtor Companies Bucyrus–Erie Company and B–E Holdings, Inc., Plaintiff,**

v.

**GREYCLIFF PARTNERS, LTD.; Greycliff Partners; Alfred C. Eckert, III; and Michael Salovaara; Defendants.**

**Civil Action No. 96–C–0476.**

United States District Court,
E.D. Wisconsin.

April 9, 1997.

Bruce Arnold, Whyte Hirschboeck Dudek, S.C., Milwaukee, WI, and J. Andrew Rahl, Jr., Anderson, Kill, Olick & Oshinsky, New York City, for Plaintiff.

Scott W. Hansen, Reinhart, Boerner, Van Deuren, Norris & Rieselbach, S.C., Milwaukee, WI, and Matthew Gluck, Fried, Frank, Harris, Shriver & Jacobson, New York City, for Defendants.

## DECISION AND ORDER

REYNOLDS, District Judge.

The magistrate judge issued an order granting Jackson National Life Insurance Company's motion to remand this case to state court. The court shall set aside that order because it is contrary to law. *See* Fed.R.Civ.P. 72(a).[1] In the court's view, diversity jurisdiction exists as a matter of law.

Neither party has explained the rather complicated facts necessary to decide this motion; instead, each jumps up and down on a different, definitional pogostick. Jackson National Life Insurance Company ("JNL") never gets past calling itself a representative based on the bankruptcy court's finding, and the defendants (jointly "Greycliff") never gets past calling Jackson an "assignee."

Back in 1988, Bucyrus–Erie Company (at the time known as Becor Western, Inc.) ("Bucyrus") underwent a leveraged buy-out. JNL alleges that Greycliff used their fiduciary relationship with Bucyrus to reap benefits for themselves. Allegedly, Greycliff's advice drove Bucyrus further into debt.

---

1. Although this court disagrees with the magistrate judge's conclusion, the decision was clearer and better reasoned than any of the parties' submissions. Furthermore, the defendants' acerbic criticisms of the magistrate judge's order are unnecessary and unprofessional. (*See Defs'. Mem. of Law in Supp. of Mag. J.'s Rec. to Grant Pl's. Mot. to Remand* at 2.)

At one point, one of the defendants suggested that Bucyrus stave off bankruptcy by issuing reset notes. On January 26, 1990, JNL purchased $60 million in reset notes that paid 12.5% interest. Because Bucyrus went bankrupt, JNL became a creditor of the estate.

In December 1994, the bankruptcy court approved the Second Amended Joint Plan of Reorganization. As part of the plan, JNL gave up its claim as a creditor for the reset notes. In return, JNL received stock in the reorganized company and became the representative (*See* 11 U.S.C. § 1123(b)(3)(B)) of the bankrupt estate for the estate's claims against a non-released person. (Arnold Aff. Ex. B § 3.09.) Basically, the non-released persons are the defendants in this action. *Id.* § 9.04. In other words, JNL received the right to raise Bucyrus's claims against the defendants. Moreover, JNL has full control over these actions and retains all the proceeds it may eventually recover.

JNL filed suit in Milwaukee County Circuit Court. On April 22, 1996, the defendants removed the case to this court based on diversity jurisdiction, 28 U.S.C. § 1332, and, on April 26, 1996, JNL moved to remand the suit. The defendants filed motions to transfer the action to the Southern District of New York, to dismiss for failure to state a claim, and to dismiss for lack of personal jurisdiction.

The magistrate judge ordered the parties to brief the remand motion and the motion to transfer. JNL argued that because it was representing Bucyrus, Bucyrus's citizenship was the relevant one for establishing jurisdiction. Because Bucyrus and Greycliff Partners, Ltd., were both citizens of Delaware, complete diversity was lacking. In response, Greycliff argued that JNL was the relevant party. On October 29, 1996, the magistrate judge granted the motion to remand. Greycliff filed a timely objection.

■ Because a motion to remand is not dispositive, this court will adopt the magistrate judge's decision unless it is clearly erroneous or contrary to law. Fed.R.Civ.P. 72(a). For this court to have jurisdiction, complete diversity must exist between the plaintiff and the defendants. If the court

relies on Bucyrus's citizenship, there is no diversity jurisdiction and remand is appropriate. If the court relies on JNL's citizenship, complete diversity exists, and the court has jurisdiction. In this case, JNL's citizenship, not Bucyrus's, is the legally relevant citizenship for diversity because JNL is the real and substantial party. *See Northern Trust Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir.1990). Moreover, applying the bankruptcy trustee rule is inappropriate because JNL is an assignee.

■ Although JNL is bringing claims that were originally Bucyrus's, those claims are now JNL's alone. JNL has complete control over the claims and retains everything it recovers. Bucyrus will receive nothing from the successful prosecution of the suit; its only benefit—JNL releasing its claims against Bucyrus—is complete whether JNL wins, loses, or never had brought the case. In legal terms, JNL is an assignee. For diversity purposes, the assignee's citizenship controls as long as the assignment was not a collusive ruse to create federal jurisdiction. 28 U.S.C. § 1359; *Hartford Accident and Indem. Co. v. Sullivan*, 846 F.2d 377, 382 (1988), *cert. denied*, 490 U.S. 1089, 109 S.Ct. 2428, 104 L.Ed.2d 985 (1989).

■ This conclusion is consistent with JNL's status as a representative as defined by 11 U.S.C. § 1123(b)(3)(B) of the bankruptcy code. "Representative," has no talismanic significance for diversity jurisdiction. Usually, the citizenship of the representative, not the represented party, controls. 13 B.C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3606. For example, courts examine the representative's citizenship when the representative is a corporation, a shareholder in derivative suits, a class representative, or a trustee of express trusts in which the trustee has legal title to the trust property. *Northern Trust*, 899 F.2d at 594. When, as here, the represented party is no more than an assignor with no interest in the litigation, the representative is the real party; Bucyrus has even less interest in the outcome than the usual represented party.

Because this litigation will have no effect on Bucyrus, JNL is different than a bankruptcy trustee. When a trustee prosecutes a suit as the representative of the estate, the estate benefits from the success of the suit, not the trustee. Therefore, the bankrupt estate's citizenship controls for diversity analysis. *Carlton v. Baww, Inc.,* 751 F.2d 781, 787 (5th Cir.1985). Because of the differences between an assignee and a bankruptcy trustee, the trustee rule (either directly or as an analogy) has no application to JNL's situation.

Otherwise, the bankruptcy code would have a dramatic effect on the scope of diversity jurisdiction. If Bucyrus had never gone bankrupt and had assigned its claims to JNL, JNL's citizenship, without doubt, would control. Although the assignment occurred in bankruptcy court, the setting of the assignment is irrelevant to where the claims may be litigated. A party like JNL that has full control over the claims and keeps the entire recovery has the same rights whether or not it received them through a bankruptcy proceeding.

Because JNL's citizenship is the relevant citizenship, diversity jurisdiction exists, and the court denies the motion to remand.

Although the parties have fully briefed the motion to transfer, the court will not decide it because the court must first decide whether it has personal jurisdiction over the defendants.

### CONCLUSION

The court denies Jackson National Life Insurance Co.'s motion to remand.

The court returns the case to magistrate judge's court for further pretrial proceedings.