[No. B115869. Second Dist., Div. Four. Dec. 2, 1999.]

OFFICE OF STATEWIDE HEALTH PLANNING AND DEVELOPMENT et al., Plaintiffs and Appellants, v.
MUSICK, PEELER & GARRETT et al., Defendants and Respondents.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of the Factual and Procedural Summary and parts II, III, IV, V, and VI.

COUNSEL

Murphy Austin Adams Schoenfeld, Raymond M. Cadei; Riegels Campos & Kenyon, Charity Kenyon; Diepenbrock, Wulff, Plant & Hannegan, Charity Kenyon, Raymond M. Cadei, Sean O. Sheridan and Rhonda Canby for Plaintiffs and Appellants.

Gibson, Dunn & Crutcher, John H. Sharer, James P. Fogelman and John C. Conway for Defendants and Respondents.

OPINION

**EPSTEIN, J.—**

## INTRODUCTION

The Office of Statewide Health Planning and Development (OSHPD), a State of California agency, agreed to insure a loan incurred by Traid, a newly formed nonprofit corporation. The loan was for the purchase of two hospitals. John Browning, an attorney at Musick, Peeler & Garrett (MPG), represented Triad in the acquisition of the hospitals. After Triad defaulted on its debt and filed for bankruptcy protection, OSHPD sued Mr. Browning and MPG, both on its own behalf and on behalf of Triad as a special representative of the bankruptcy estate. The trial court granted summary judgment in favor of Mr. Browning and MPG. OSHPD argues that it raised sufficient questions of material fact to warrant denial of the summary judgment motion.

In the published portion of this opinion, we conclude that OSHPD has standing as a special representative of the bankruptcy estate to bring an action for legal malpractice on behalf of Triad. Although under California law a chose in action for legal malpractice is not assignable, under federal law it is retained in a chapter 11 bankruptcy estate and may be prosecuted by a special representative. Because no assignment has occurred, the special representative is not precluded by state law from bringing the legal malpractice claim. (We refer to OSHPD as "Representative" when discussing its actions as special representative on behalf of the estate of Triad, and as "OSHPD" when discussing its actions on its own behalf.)

In the unpublished part of this opinion we conclude that respondents MPG and Mr. Browning have not demonstrated as a matter of law that OSHPD's claims, as Representative and on its own behalf, are barred by the statute of limitations. We conclude, however, that OSHPD has failed to present evidence raising questions of material fact with respect to Triad's legal malpractice and breach of fiduciary duty claims and with respect to OSHPD's

own causes of action for negligence and negligent misrepresentation. We affirm the judgment in its entirety.

FACTUAL AND PROCEDURAL SUMMARY*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

DISCUSSION

I

*Standing*

After Triad filed for chapter 11 bankruptcy, OSHPD sought to be appointed special representative of the Triad bankruptcy estate. Its unopposed request was granted by the bankruptcy court. OSHPD then brought the instant action against MPG and Mr. Browning, on its own behalf and as Representative for the Triad estate. The claims on behalf of Triad are for professional negligence and breach of fiduciary duty.

MPG and Mr. Browning argue that Representative lacks standing to pursue a legal malpractice claim on behalf of the Triad bankruptcy estate. They recognize that a bankruptcy trustee has standing to pursue a legal malpractice claim because the claim becomes part of the bankruptcy estate. But they maintain that under state law, the trustee cannot assign the claim to any other party, including Representative.

Representative does not dispute that state law prohibits assignment of a chose in action for legal malpractice. It argues that no assignment occurred in this case and that, instead of assigning the claim, the bankruptcy court appointed Representative as special representative "for the purpose of pursuing and prosecuting the Estate's Acquisition Litigation."

The crux of the dispute is whether Representative's authority to prosecute this action stems from an assignment of the legal malpractice chose in action. As we shall explain, it does not.

█ California law prohibits assignment of a chose in action for legal malpractice. (See *Goodley* v. *Wank & Wank, Inc.* (1976) 62 Cal.App.3d 389, 395 [133 Cal.Rptr. 83] [legal malpractice chose in action is not assignable for several public policy reasons].) An assignment is " 'a personal act which,

*See footnote, *ante*, page 830.

while evidencing intention to transfer, is nevertheless a fully executed act effectuating an immediate change of ownership.' " (*O'Donnell* v. *Weintraub* (1968) 260 Cal.App.2d 352, 359 [67 Cal.Rptr. 274].)

█ Under federal law, all legal and equitable interests of the debtor become part of the bankruptcy estate. (11 U.S.C. § 541; *Baum* v. *Duckor, Spradling & Metzger* (1989) 72 Cal.App.4th 54, 69-70 [84 Cal.Rptr.2d 703]; *Sierra Switchboard Co.* v. *Westinghouse Elec. Corp.* (9th Cir. 1986) 789 F.2d 705-709.) It follows that even claims that are not assignable under state law transfer to the bankruptcy estate. (*Baum* v. *Duckor, Spradling & Metzger, supra,* 72 Cal.App.4th 54, 69.) Once the claim becomes part of the bankruptcy estate, the trustee is authorized to prosecute it and to hire agents to do so on the trustee's behalf. (*Curtis* v. *Kellogg & Andelson* (1999) 73 Cal.App.4th 492, 506 [86 Cal.Rptr.2d 536].) But, under state law, the trustee cannot assign a legal malpractice claim. (*Baum* v. *Duckor, Spradling & Metzger, supra,* 72 Cal.App.4th at p. 69.)

Federal law permits a chapter 11 bankruptcy plan to provide for the transfer of a claim by operation of law from a trustee to a representative of the bankruptcy estate. Under 11 United States Code section 1123(b)(3), a chapter 11 bankruptcy plan may provide for "the retention and enforcement *by the debtor, by the trustee, or by a representative of the estate* appointed for such purpose, of any such claim or interest[.]" (Italics added.) Under this statute, the party enforcing the claim does so on behalf of the estate. (*Appletree Square I* v. *O'Connor & Hannan* (Minn. 1998) 575 N.W.2d 102.) That party, whether the debtor, the trustee, or a representative, does not own the claim and is entitled only to reimbursement for incurred expenses and a reasonable hourly fee for its services. (*Id.* at p. 106; see also *In re Sweetwater* (10th Cir. 1989) 884 F.2d 1323.) "Acquisitions of this nature, where the entity [special representative] bringing the action merely is representing the original holder, do not come within the traditional definition of an assignment." (*Appletree Square I* v. *O'Connor & Hannan, supra,* 575 N.W.2d at p. 105.) A representative is "invest[ed]" with the ability to pursue a claim without an assignment. (*Id.* at p. 106.)

Regardless of who prosecutes a claim under 11 United States Code section 1123(b)(3), the claim remains part of the bankruptcy estate. On the other hand, if a party seeks to prosecute the action on its own behalf, it must do so as an assignee, not as a special representative. (*Jackson Nat. Life Ins.* v. *Greycliff Partners Ltd.* (E.D.Wis. 1997) 960 F.Supp. 186.)

█ In this case, Triad's reorganization plan explicitly provides that a special representative may pursue a claim retained by the bankruptcy estate

under 11 United States Code section 1123(b)(3): "If the Trustee or Representative of the Estate does not pursue, settle, release, sell, assign, otherwise transfer or compromise a claim, a party may apply to the bankruptcy court to be designated a representative of the estate for a special purpose also known as a special representative." The plan further provides: "Unless Litigation against a creditor or other Person is expressly waived, relinquished, released, compromised or settled herein or in a Final Order, the Rights Representative [which includes a special representative] reserves all rights with respect to and may pursue such Litigation."

Triad's reorganization plan provides that any proceeds from litigation brought by a special representative belong to the estate. Under the plan, the representative is required "to deliver the Gross Litigation Proceeds to Reorganized Triad. As to expenses, the costs and expenses (including professional fees) of a Rights Representative [including a special representative] shall be paid . . . only after approval of the Bankruptcy Court."

Under this plan, Triad's bankruptcy estate retains the claim, which may be enforced by a special representative. The proceeds of the claim belong to the estate. The special representative is entitled to its costs and expenses, subject to approval by the bankruptcy court. For these reasons, we conclude that Representative is pursuing the claim on behalf of the estate, not on its own behalf as an assignee. We recognize that any proceeds in Triad's estate will ultimately benefit OSHPD. Nevertheless, the estate continues to own the claim.

We recently held that in a *chapter 7* bankruptcy proceeding, only the trustee and agents of the trustee may prosecute a legal malpractice claim. (*Curtis* v. *Kellogg & Andelson, supra,* 73 Cal.App.4th 492, 506.) We followed the reasoning and rationale of our sister court in *Baum* v. *Duckor, Spradling & Metzger, supra,* 72 Cal.App.4th at page 54. This case differs from *Curtis* and *Baum* because it involves a chapter 11 bankruptcy petition. As we have discussed, a chapter 11 bankruptcy plan may allow for the retention of a claim in the bankruptcy estate to be enforced by a representative other than the trustee. (11 U.S.C. § 1123(b)(3)(B).) There is no similar provision applicable to chapter 7 bankruptcy proceedings. (See *Curtis* v. *Kellogg & Andelson, supra,* 73 Cal.App.4th at p. 506 [in chapter 7 proceeding trustee has "sole capacity to represent the estate and sue or be sued"].) As special representative of the bankruptcy estate, OSHPD has standing to pursue Triad's claims against MPG and Mr. Browning for professional negligence.

II-VI*

. . . . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

The summary judgment is affirmed.

Vogel (C. S.), P. J., and Hastings, J., concurred.

On December 9, 1999, the opinion was modified to read as printed above.

*See footnote, *ante*, page 830.