**132 Nev., Advance Opinion 62**

## IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| TOWER HOMES, LLC, A NEVADA LIMITED LIABILITY COMPANY, Appellant, vs. WILLIAM H. HEATON, INDIVIDUALLY; AND NITZ WALTON & HEATON, LTD., A DOMESTIC PROFESSIONAL CORPORATION, Respondents. | No. 65755 |

**FILED**

AUG 12 2016



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a district court summary judgment in a legal malpractice action. Eighth Judicial District Court, Clark County; Gloria Sturman, Judge.

*Affirmed.*

Eglet Prince and Dennis M. Prince, Las Vegas; Keating Law Group and John T. Keating, Ian C. Estrada, and Eric N. Tran, Las Vegas,
for Appellant.

Lewis Brisbois Bisgaard & Smith LLP and Jeffrey D. Olster and V. Andrew Cass, Las Vegas,
for Respondents.

_____

BEFORE HARDESTY, SAITTA and PICKERING, JJ.

*OPINION*

By the Court, HARDESTY, J.:

In this case, a bankruptcy court entered an order authorizing the bankruptcy trustee to permit a group of creditors to pursue a debtor's

legal malpractice claim in the debtor's name. The order provided that the creditors were entitled to all financial benefit from the claim, and no limit was placed on the creditors' control of the lawsuit. The creditors then pursued that claim in Nevada district court. On the defendant attorney and law firm's motion, the district court entered summary judgment concluding that Nevada law prohibits the assignment of legal malpractice claims. To resolve this appeal, we are asked to consider whether the trustee's stipulation to permit the creditors to pursue the claim and the bankruptcy court's order authorizing the same resulted in an impermissible assignment of a legal malpractice claim. We conclude that the stipulation and order constituted an assignment, which is prohibited under Nevada law as a matter of public policy. Further, while we recognize that, when certain conditions are met, creditors may bring a debtor's legal malpractice claim pursuant to 11 U.S.C. § 1123(b)(3)(B) (2012), those conditions were not met in this case.

## FACTS AND PROCEDURAL HISTORY

Appellant Tower Homes, LLC, and Rodney Yanke, its managing member, began developing a residential common ownership project called Spanish View Towers Project (hereinafter the project). Tower Homes planned to build three 18-story condominium towers as a part of the project. Attorney William Heaton and the law firm Nitz, Walton & Heaton, Ltd. (collectively Heaton), were retained by Tower Homes for legal guidance. A number of individual investors (hereinafter the purchasers) entered into contracts with Tower Homes and made earnest money deposits to reserve condominium space. The project failed, and Tower Homes entered Chapter 11 bankruptcy protection.

The purchasers were among the many creditors during the bankruptcy proceedings. A plan of reorganization was created by the

Supreme Court
OF
Nevada

(O) 1947A

2

bankruptcy trustee and a confirmation order was entered by the bankruptcy court in 2008. The plan and the confirmation order stated that the trustee and the bankruptcy estate retained all legal claims.

In 2010, the bankruptcy trustee entered into a stipulation with the purchasers recognizing that the trustee did not have sufficient funds to pursue any legal malpractice claims arising out of the loss of the purchasers' earnest money deposits and permitting the purchasers to pursue that claim in the Tower Homes' name. The bankruptcy court then entered an order authorizing the trustee to release to the purchasers all of Tower Homes' claims against any individual or entity that was liable for the loss of the earnest money deposits. Because there is a dispute as to whether the purchasers are pursing the claim individually, on behalf of the estate, or as Tower Homes, LLC, we will refer to the appellant party in this case as the purchasers.

Pursuant to the 2010 order, the purchasers filed a legal malpractice lawsuit in 2012 against Heaton, naming Tower Homes as plaintiff, alleging negligence and breach of fiduciary duty claims. The district court was not satisfied that the purchasers had standing under the 2010 order to pursue the claim, but it allowed the purchasers to ask the bankruptcy court for an amended order to remedy any potential concerns.

In 2013, the trustee and bankruptcy court again attempted to allow the purchasers to pursue the claims. The second stipulation agreed to by the trustee and the purchasers stated, in relevant part, as follows:

> 1) The Trustee has determined that he does not intend and, in any event, does not have sufficient funds in the Estate to pursue claims on behalf of the Debtor . . . .
>
> . . . .

 

> 5) The Trustee hereby stipulates and *agrees to permit the Tower Homes Purchasers[ ] to pursue* . . . the action currently filed in the Clark County District Court styled as Tower Homes, LLC v. William H. Heaton, et al. . . .

(Emphasis added.)

The relevant portion of the bankruptcy court's corresponding order stated:

> [T]his Order authorizes the *Trustee to permit the Tower Homes Purchasers[ ] to pursue any and all claims on behalf of Tower Homes, LLC* (the "Debtor") . . . which shall specifically include . . . pursuing the action currently filed in the Clark County District Court styled as Tower Homes, LLC v[.] William H. Heaton et al. . . .

> . . . [T]his Court hereby authorizes the law firm of Marquis Aurbach Coffing, and/or Prince & Keating LLP . . . to recover any and all earnest money deposits, damages, attorneys fees and costs, and interest thereon on behalf of Debtor and the Tower Homes Purchasers and that any such recoveries *shall be for the benefit of the Tower Homes Purchasers.*

(Emphases added.)

Heaton moved for summary judgment in the district court, arguing that the 2013 bankruptcy stipulation and order constituted an impermissible assignment of a legal malpractice claim to the purchasers. The district court agreed and granted summary judgment in favor of Heaton. This appeal follows.

Supreme Court
OF
Nevada

(O) 1947A

4

*DISCUSSION*

We review a summary judgment de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment is appropriate only when the pleadings and record demonstrate that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. *Id.* When reviewing a summary judgment motion, "evidence, and any reasonable inferences drawn from it, must be viewed in a light most favorable to the nonmoving party." *Id.*

When a bankruptcy petition is filed, all of the debtor's property, other than certain exceptions, becomes part of the bankruptcy estate. 11 U.S.C. § 541(a) (2012). A bankruptcy trustee is charged with administering the estate and recovering assets for the creditors' benefit. 11 U.S.C. § 704(a) (2012); 11 U.S.C. § 1123(b)(3)(B) (2012). The trustee can pursue a debtor's legal claims. *Office of Statewide Health Planning & Dev. v. Musick, Peeler & Garrett*, 90 Cal. Rptr. 2d 705, 707-08 (Ct. App. 1999); *see also In re J.E. Marion, Inc.*, 199 B.R. 635, 637 (Bankr. S.D. Tex. 1996) (stating that potential legal claims belong to the estate). Therefore, when Tower Homes entered bankruptcy protection, the trustee was allowed to pursue a potential legal malpractice claim against Heaton. However, the issue presented in this case is whether the bankruptcy order impermissibly assigned a legal malpractice claim under Nevada law.

*Under Nevada law, the assignment of legal malpractice claims is generally prohibited*

"As a matter of public policy, we cannot permit enforcement of a legal malpractice action which has been transferred by assignment . . . but which was never pursued by the original client." *Chaffee v. Smith*, 98 Nev. 222, 223-24, 645 P.2d 966, 966 (1982). "The



decision as to whether to bring a malpractice action against an attorney is one peculiarly vested in the client." *Id.* at 224, 645 P.2d at 966.

Notwithstanding the rule set forth in *Chaffee*, the purchasers argue that they were named representatives of the estate and under federal law a Chapter 11 bankruptcy plan may permit such representatives to bring a legal malpractice claim on behalf of the estate without an assignment, or, alternatively, that there was no assignment of the legal malpractice claim, only an assignment of proceeds. Heaton argues that the 2013 bankruptcy stipulation and order did not appoint the purchasers to represent the bankruptcy estate in a legal malpractice claim on behalf of the estate as permitted under 11 U.S.C. § 1123(b)(3)(B) (2012), but instead purported to authorize the purchasers to prosecute a legal malpractice action on their own behalf and benefit in Tower Homes' name, thus constituting an unlawful assignment of a legal malpractice claim.

*Bankruptcy statutes permit bankruptcy creditors to bring debtor malpractice claims under certain conditions*

Courts recognize that creditors can bring a debtor's legal malpractice claim under bankruptcy law when certain conditions are satisfied. *See Musick*, 90 Cal. Rptr. 2d at 708. 11 U.S.C. § 1123(b)(3)(B) (2012) states that "a plan may . . . provide for . . . the retention and enforcement [of a claim of the estate] by the debtor, by the trustee, or *by a representative of the estate* appointed for such purpose, of any such claim or interest." (Emphasis added.) Where a Chapter 11 bankruptcy plan of reorganization grants a creditor the right to pursue a claim belonging to the debtor's estate pursuant to 11 U.S.C. § 1123(b)(3)(B) (2012) as a representative of the estate, and where the representative "has no independent claim to any proceeds from a successful prosecution, there

Supreme Court
OF
Nevaoa

(O) 1947A

has been no assignment" of the claim. *Appletree Square I Ltd. P'ship v. O'Connor & Hannan*, 575 N.W.2d 102, 106 (Minn. 1998).

Thus, although Nevada law prohibits the assignment of legal malpractice claims, a bankruptcy plan may provide for an estate representative to pursue a legal malpractice claim belonging to the estate without an assignment so long as the representative is prosecuting the claim "on behalf of the estate." *Musick*, 90 Cal. Rptr. 2d at 708. Pursuit of such a claim by a bankruptcy estate representative is not contrary to the rule prohibiting assignment because the representative "does not own the claim and is entitled only to reimbursement for incurred expenses and a reasonable hourly fee for its services," as permitted by federal bankruptcy law. *Id.* "[I]f a party seeks to prosecute the action on its own behalf, it must do so as an assignee, not as a special representative." *Id.*

Although the purchasers assert that the bankruptcy stipulation and order authorized them to bring the legal malpractice action in Tower Homes' name on behalf of the estate as set forth under section 11 U.S.C. § 1123(b)(3)(B) (2012), the bankruptcy court's order transferred control and proceeds of the claim to the purchasers. We therefore conclude that the purchasers are not pursuing a legal malpractice action on behalf of Tower Homes' estate as provided under 11 U.S.C. § 1123(b)(3)(B) (2012).

*The legal malpractice claim against Heaton was improperly assigned to the purchasers*

When the 11 U.S.C. § 1123(b)(3)(B) (2012) conditions are not satisfied, Nevada law prohibits the assignment of legal malpractice claims from a bankruptcy estate to creditors. *See Chaffee*, 98 Nev. at 223-24, 645 P.2d at 966 (generally prohibiting the assignment of legal malpractice claims (citing *Goodley v. Wank & Wank, Inc.*, 133 Cal. Rptr. 83 (Ct. App.

SUPREME COURT
OF
NEVADA

(O) 1947A

7

1976) (detailing policy considerations that underlie the nonassignability of legal malpractice claims))); *see also In re J.E. Marion, Inc.*, 199 B.R. at 639 ("[T]he costs to the legal system of assigning legal malpractice claims in the bankruptcy context outweighs the benefits.")

To overcome these concerns, the purchasers contend that they were only assigned proceeds, not the entire malpractice claim against Heaton.[1] In *Edward J. Achrem, Chartered v. Expressway Plaza Ltd. Partnership*, this court determined that the assignment of personal injury claims was prohibited, but the assignment of personal injury claim proceeds was allowed. 112 Nev. 737, 741, 917 P.2d 447, 449 (1996).

We are not convinced that *Achrem*'s reasoning applies to legal malpractice claims; however, even if an assignment of the claim is distinguished from a right to proceeds in the legal malpractice context, the 2013 bankruptcy stipulation and order constitute an assignment of the entire claim. In *Achrem*, this court determined that the difference between an assignment of an entire case and an assignment of proceeds was the retention of *control*. *Id.* When only the proceeds are assigned, the original party maintains control over the case. *Id.* at 740-41, 917 P.2d at

---

[1]The purchasers also argue that no assignment occurred because Tower Homes, not the purchasers, is the real party in interest as Tower Homes is the only entity with the requisite attorney-client privilege to bring a legal malpractice action. However, given the clear and express language in the 2013 bankruptcy stipulation and order providing the purchasers with a right to bring the claim and the exclusive interest in proceeds, we conclude that this contention is meritless. *Painter v. Anderson*, 96 Nev. 941, 943, 620 P.2d 1254, 1255-56 (1980) ("The concept 'real party in interest' under NRCP 17(a) means that an action shall be brought by a party who possesses the right to enforce the claim and who has a significant interest in the litigation." (internal quotations omitted)).

448-49. When an entire claim is assigned, a new party gains control over the case. *Id.* Here, the bankruptcy court gave the purchasers the right to "pursue any and all claims on behalf of . . . [d]ebtor . . . which shall specifically include . . . pursuing the action currently filed in the Clark County District Court styled as Tower Homes, LLC v[.] William H. Heaton, et al." No limit was placed on the purchasers' control of the case, and the purchasers were entitled to any recovery.[2]

As the court in *Goodley* stated, "[i]t is the unique quality of legal services, the personal nature of the attorney's duty to the client and the confidentiality of the attorney-client relationship that invoke public policy considerations in our conclusion that malpractice claims should not be subject to assignment." 133 Cal. Rptr. at 87. Allowing such assignments would "embarrass the attorney-client relationship and imperil the sanctity of the highly confidential and fiduciary relationship existing between attorney and client." *Id.* Here, issues regarding the personal nature of the attorney-client privilege are implicated. Also, a number of confidentiality problems arise if the purchasers are allowed to bring this claim. For example, the record reflects that plaintiff's counsel attempted to discover confidential files regarding Heaton's representation of Tower Homes. Because the bankruptcy court's order demonstrates that the purchasers are actually pursuing the claim, any disclosure potentially

---

[2]The purchasers also contend that even if their claim was impermissibly assigned, the portion of the bankruptcy court order allowing the purchasers to retain any recovery should be ignored and the proceeds should revert back to the estate. However, the purchasers have cited no authority to support a remedy that would result in rewriting the bankruptcy court's order severing the purchasers' rights to proceeds, and we decline to do so.

SUPREME COURT
OF
NEVADA

(O) 1947A

9

breaches Heaton's duty of confidentiality to Tower Homes. Additionally, Tower Homes can no longer control what confidential information is released, because it cannot decide whether to dismiss the claim in order to avoid disclosure of confidential information. In Nevada, the duty of confidentiality does not extend "to a communication relevant to an issue of breach of duty by the lawyer to his or her client." NRS 49.115(3).

While the 2013 bankruptcy stipulation and order here do not explicitly use "assigned," such formalistic language is not required for a valid assignment. *See Easton Bus. Opportunities, Inc. v. Town Exec. Suites*, 126 Nev. 119, 127, 230 P.3d 827, 832 (2010) ("[T]here are no prescribed formalities that must be observed to make an effective assignment. The assignor must manifest a present intention to transfer its contract right to the assignee." (internal quotations and citations omitted)). The 2013 bankruptcy stipulation and court order express the bankruptcy court's and the bankruptcy trustee's present intention to allow the purchasers to control the legal malpractice case. As a result, we conclude that the district court properly determined that the legal malpractice claim was assigned to the purchasers.

Accordingly, for the reasons set forth above, we affirm the district court's summary judgment.

_____, J.
Hardesty

We concur:

_____, J.
Saitta

_____, J.
Pickering

SUPREME COURT
OF
NEVADA

(O) 1947A