# IN THE SUPREME COURT OF THE STATE OF NEVADA

CARMAR DRIVE TRUST,
Appellant,
vs.
BANK OF AMERICA, N.A.; AND
RECONTRUST COMPANY,
Respondents.

No. 68103

FILED

DEC 16 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court summary judgment in a quiet title action. Eighth Judicial District Court, Clark County; Kenneth C. Cory, Judge.

In 2011, the district court entered an amended order dismissing appellant's claim for quiet title against respondents and defendant Douglas Roehrman, who is not a party to this appeal. In that order, the district court permitted appellant to file an amended complaint but expressly prohibited appellant from reasserting a quiet title claim. Despite this prohibition, appellant filed an amended complaint in 2014 asserting, among other claims, a quiet title claim. After appellant abandoned its other claims, the district court granted summary judgment on appellant's quiet title claim based on the fact that it had already dismissed that claim with prejudice.

In light of the district court's express prohibition on reasserting a quiet title claim, appellant's motion practice in support of its

16-39173

2014 quiet title claim was akin to a motion for reconsideration. In this regard, and although the district court did not indicate whether it was denying appellant's motion for reconsideration because of its untimeliness or because the motion raised new arguments, the district court was within its discretion in denying appellant's motion under either basis. *See* EDCR 2.24(b) (setting forth a 10-day time frame for filing a motion for reconsideration); *Arnold v. Kip*, 123 Nev. 410, 417, 168 P.3d 1050, 1054 (2007) (observing that a district court has discretion in deciding to consider the merits of arguments made for the first time in a motion for reconsideration); *Achrem v. Expressway Plaza Ltd.*, 112 Nev. 737, 742, 917 P.2d 447, 450 (1996) ("Points or contentions not raised in the original hearing cannot be maintained or considered on rehearing.")[1]; *see also AA Primo Builders, LLC v. Washington*, 126 Nev. 578, 589, 245 P.3d 1190, 1197 (2010) (reviewing a district court's decision on a motion for reconsideration for an abuse of discretion). Although appellant suggests it is also arguing for reversal of the 2011 amended dismissal order, appellant

---

[1]Because appellant's appendix does not include the motion practice pertaining to the 2011 amended dismissal order, we necessarily presume that appellant did not rely in 2011 on *In re Grant*, 303 B.R. 205 (Bankr. D. Nev. 2003), or NRS 107.080(5). *See Cuzze v. Univ. & Cmty. Coll. Sys. of Nev.*, 123 Nev. 598, 603, 172 P.3d 131, 135 (2007) ("When an appellant fails to include necessary documentation in the record, we necessarily presume that the missing portion supports the district court's decision.").

does not make any distinct arguments with respect to that order.[2] In light of the foregoing, we

ORDER the judgment of the district court AFFIRMED.[3]

_____ Cherry , J.
Cherry

_____ , J.
Douglas

_____ , J.
Gibbons

cc:   Hon. Kenneth C. Cory, District Judge
      William C. Turner, Settlement Judge
      Law Offices of Michael F. Bohn, Ltd.
      Akerman LLP/Las Vegas
      Eighth District Court Clerk

---

[2]Because our disposition of this appeal is favorable to Roehrman, we need not consider the due process implications underlying appellant's failure to name Roehrman as a respondent to this appeal.

[3]Appellant's motion for oral argument is denied. NRAP 34(f)(1).