# IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL SARGEANT,
INDIVIDUALLY AND ON BEHALF OF
OTHERS SIMILARLY SITUATED,
Appellant,
vs.
HENDERSON TAXI,
Respondent.

No. 70837

FILED

DEC 01 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

Appellant Michael Sargeant appeals a district court order awarding respondent Henderson Taxi attorney fees pursuant to NRS 18.010(2)(b). Eighth Judicial District Court, Clark County; Joseph T. Bonaventure, Judge. We affirm.

NRS 18.010 governs the award of attorney fees. It provides that a court may award attorney fees when a claim "was brought or maintained without reasonable ground or to harass the prevailing party . . . to punish for and deter frivolous or vexatious claims and defenses because such claims and defenses overburden limited judicial resources, hinder the timely resolution of meritorious claims and increase the costs of engaging in business and providing professional services to the public." The district court has discretion to award fees pursuant to NRS 18.010(2)(b), provided evidence supports the court's finding that the claim was brought or maintained unreasonably or to harass. *Rivero v. Rivero*, 125 Nev. 410, 440, 216 P.3d 213, 234 (2009).

The history of this case is recounted in *Sargeant v. Henderson Taxi*, 133 Nev., Adv. Op. 27, 394 P.3d 1215 (2017), in which the court

17-41362

affirmed the district court's grant of summary judgment in favor of Henderson Taxi and denial of Sargeant's proposed class certification. The district court later granted Henderson Taxi a portion of its requested attorney fees under NRS 18.010(2)(b), for $26,715, finding that Sargeant continued to litigate without reasonable grounds or to harass Henderson Taxi.

The district court appropriately limited the fee award to fees incurred after the order denying class certification, and did not penalize Sargeant for initiating the action or moving for class certification. But, in his motions following the denial of class certification Sargeant repeated, under the guise of a motion for reconsideration and an opposition to summary judgment, previously rejected arguments and raised new unpleaded claims. When presented with the Union's agreement resolving the backpay and minimum wage issue Sargeant should have adapted his case strategy and either pursued a new course of litigation or abandoned the claims. Instead, Sargeant embarked on a series of filings that sought to revisit the court's denial of class certification, prolonging the litigation without advancing or redefining his remaining claims. *Cf. Achrem v. Expressway Plaza Ltd.*, 112 Nev. 737, 742, 917 P.2d 447, 450 (1996) (motions for reconsideration may not raise any claims not made in the original hearing).

The district court did not abuse its discretion in awarding fees pursuant to NRS 18.010. Sargeant's motion for reconsideration and opposition to the Union's motion for summary judgment were neither responsive nor procedurally appropriate. The district court appropriately limited its award to the fees incurred after the denial of class certification.

We therefore,

ORDER the judgment of the district court AFFIRMED.

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

cc:    Chief Judge, The Eighth Judicial District Court
Hon. Joseph T. Bonaventure, Senior Judge
Leon Greenberg Professional Corporation
Holland & Hart LLP/Las Vegas
Eighth District Court Clerk